UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway, Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com
*Attorneys for Plaintiff*

| | |
|---|---|
| Fidel Hernandez Gil,<br><br>      *Plaintiff,*<br><br>    v.<br><br>A&L II New York Corporation d/b/a/ Bagels & CO., Meema N.Y. Corporation d/b/a/ Bagels & CO., Hila Ashkenazi, and Haim Levi,<br><br>      *Defendants.* | Docket No. 1:25-cv-05222<br><br>CIVIL ACTION<br><br>COMPLAINT |

Plaintiff Fidel Hernandez Gil, by and through his undersigned attorneys, for his complaint against defendants A&L II New York Corporation d/b/a/ Bagels & CO., Meema N.Y. Corporation d/b/a/ Bagels & CO., Hila Ashkenazi, and Haim Levi (hereinafter collectively referred to as "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff Fidel Hernandez Gil, a former employee of Defendants, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleges that he is entitled to recover from Defendants, jointly and severally: (i) compensation for unpaid wages for overtime work for which he did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§

1

201 et seq., because the Defendants' violations were willful and lacked a good faith basis.

2. Plaintiff further complains that he is entitled to recover from Defendants: (i) back wages for unpaid overtime premium for overtime work, each of which Defendants willfully failed to pay as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations; (ii) unpaid spread-of-hours compensation for shifts worked lasting in excess of 10 hours from start to finish in violation of the NYLL; (iii) liquidated damages pursuant to the NYLL for these violations; and (iv) statutory damages for the Defendants' violations of the Wage Theft Prevention Act, each of which violations caused Plaintiff financial harm.

## PARTIES

3. Plaintiff Fidel Hernandez Gil (hereinafter referred to as "Plaintiff Gil" or "Plaintiff") is an adult individual, residing in Queens, New York.

4. At all times relevant herein, A&L II New York Corporation d/b/a/ Bagels & CO. has been a domestic business corporation organized under the laws of the State of New York with a registered place of business at 188-02 Union Turnpike, Flushing, New York 11366 (hereinafter referred to as "A&L II Corp.").

5. At all times relevant herein, Meema N.Y. Corporation d/b/a/ Bagels & CO. has been a domestic business corporation organized under the laws of the State of New York with a registered place of business at 188-02 Union Turnpike, Flushing, New York 11366 (hereinafter referred

to as "Meema Corp.").

6. At all times relevant herein, defendants A&L II Corp. and Meema Corp. have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. Upon information and belief, at all relevant times, defendants A&L II Corp. and Meema Corp. have had gross revenues in excess of $500,000.00.

8. Upon information and belief, at all relevant times herein, defendants A&L II Corp. and Meema Corp. have used goods and materials produced in interstate commerce and have employed at least two individuals who handled such goods and materials.

9. Defendant Hila Ashkenazi is an adult individual, residing in this district, and is an owner or part owner and principal of A&L II Corp. and Meema Corp., and/or a manager of the business who has the power to hire and fire employees, set wages and work schedules, and maintain their records, including those of Plaintiff (hereinafter referred to as "Defendant Ashkenazi").

10. Defendant Haim Levi is an adult individual, residing in this district, and is an owner or part owner and principal of A&L II Corp. and Meema Corp., and/or a manager of the business who has the power to hire and fire employees, set wages and work schedules, and maintain their records, including those of Plaintiff (hereinafter referred to as "Defendant Levi").

11. At all times relevant herein, Defendants Ashkenazi and Levi

have been involved in the day-to-day operations of A&L II Corp. and Meema Corp. and played an active role in managing their business, scheduling, supervising and paying Plaintiff during his employment by Defendants.

12. At all relevant times herein, Defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

14. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## FACTS

16. At all relevant times herein, Defendants owned and operated a restaurant located at 188-02 Union Tpke, Fresh Meadows, New York 11366, doing business under the name Bagels & Co.

17. Plaintiff Gil was employed by Defendants at Bagels & Co. from approximately December 15, 2024, through June 30, 2025, as a cook,

cleaner, and smoothie maker.

18. Plaintiff Gil's work for Defendants at Bagels & Co. was performed in the normal course of Defendants' business, was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

19. At all relevant times herein, while employed by Defendants at Bagels & Co., Plaintiff Gil was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

20. From December 15, 2024, through June 30, 2025, Plaintiff Gil had a regular work schedule of 6 days a week with varying hours: Sunday, Monday, Tuesday, Wednesday, and Thursday, from 6:00 a.m. to 3:30 p.m. (9.5 hours); Friday from 4:30 a.m. to 3:30 p.m. (11 hours); totaling approximately 58.5 hours per week; with Saturday off.

21. During his employment at Bagels & Co., Plaintiff Gil has been paid by Defendants weekly in cash, at the rate of $900 per week.

22. Plaintiff Gil has received the weekly amounts described herein above for all hours worked each week during his employment by Defendants, regardless of the exact number of hours worked in a given week and has not received any overtime premium for hours worked in excess of forty hours per week, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

23. Defendants failed to pay Plaintiff overtime compensation for all hours he worked beyond 40 hours in a workweek, in violation of the

FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

24. Defendants' failure to pay Plaintiff the overtime bonus for additional overtime hours he worked was willful and lacked a good faith basis, because Defendants set Plaintiff's work schedule and were aware that Plaintiff was working in excess of forty hours per week during his employment by Defendants.

25. Defendants also failed to pay Plaintiff an additional hour's pay at applicable minimum wage for each shift he has worked lasting longer than ten hours from start to finish (the "spread-of-hours" compensation), in violation of the NYLL and supporting regulations.

26. Defendants' failure to pay Plaintiff the spread-of-hours compensation was willful and lacked a good faith basis, because Defendants set Plaintiff's work schedule and were aware that he was working shifts in excess of ten hours in length during his employment by Defendants.

27. Plaintiff Hernandez Gil has received no paystubs or wage statements of any sort with his pay during his employment by Defendants, which has caused him financial harm as a result of his not being informed of the actual amount he has been paid on an hourly basis, and the lawfully applicable rates of pay owed him at all relevant times herein.

28. Defendants also have failed to provide Plaintiff Hernandez Gil with a written notice providing the information required by the Wage Theft Prevention Act - including, inter alia, the Defendants' contact information, the regular and overtime rates, and intended

allowances claimed - and failed to obtain Plaintiff's signature acknowledging the same, upon Plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time, causing him financial harm resulting from his not being informed of the actual amount he has been paid on an hourly basis and the lawfully applicable rates of pay owed him at all relevant times herein.

29. Defendants failed to provide Plaintiff with properly compliant weekly records reflecting his compensation and hours worked during his employment by Defendants, in violation of the Wage Theft Prevention Act, causing him financial harm resulting from his not being informed of the actual amount he has been paid on an hourly basis and the lawfully applicable rates of pay owed him at all relevant times herein.

30. Upon information and belief, while Defendants employed Plaintiff, and throughout all relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I
### (Fair Labor Standards Act - Overtime)

31. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

32. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

33. At all relevant times, Defendants had a policy and practice

of refusing to pay Plaintiff proper overtime compensation for each of the hours he worked in excess of forty hours per workweek.

34. As a result of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for each hour of work performed in excess of forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

35. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260, because Defendants set Plaintiff's work schedule and compensation and were aware of the number of hours Plaintiff was working per week during his employment by Defendants.

36. Due to the Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

### COUNT II
### (New York Labor Law – Overtime)

37. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

38. At all relevant times, Plaintiff has been employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

39. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half

times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

40. Defendants' failure to pay Plaintiff overtime compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations, because Defendants set Plaintiff's work schedule and compensation and were aware of the number of hours Plaintiff was working per week during his employment by Defendants.

41. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## **COUNT III**
### **(New York Labor Law – Spread-Of-Hours)**

42. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

43. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

44. Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay, at applicable minimum wage, for each shift worked lasting in excess of ten hours in length from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

45. Defendants' failure to pay Plaintiff the spread-of-hours compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations, because Defendants set Plaintiff's work schedule and were aware that he was working shifts in excess of ten hours in length during his employment.

46. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §§ 198 and 663(1).

## COUNT IV
### (New York Labor Law - Wage Theft Prevention Act)

47. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

48. At all relevant times herein, Plaintiff has been employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

49. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices and statements required by the Wage Theft Prevention Act when he was hired, or at any time thereafter, causing financial harm to Plaintiff by preventing him being aware of, informed of and from receiving his lawfully owed compensation including overtime premium and spread-of-hours premium.

50. Defendants have continued to willfully violate Plaintiff's rights by failing to provide him with weekly wage statements regarding

his overtime pay, required by the Wage Theft Prevention Act at any time during his employment, causing financial harm to Plaintiff by preventing him from receiving his lawfully owed compensation including overtime premium.

51. Due to the Defendants' New York Labor Law violations relating to the failure to provide Plaintiff with the consistent paystubs, and the resulting financial harm caused, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day, for each day of his employment by Defendants, up to the maximum statutory damages.

52. Due to the Defendants' New York Labor Law violations relating to the failure to provide wage notices, and the resulting financial harm caused, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day for each day of his employment by Defendants, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

   A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

   B. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from

      engaging in each of the unlawful practices, policies, and patterns set forth herein;

C. A compensatory award of unpaid overtime compensation, at the statutory overtime premium rate, due under the FLSA and the New York Labor Law;

D. A compensatory award of unpaid spread-of-hours compensation, at the applicable statutory rate, due under the New York Labor Law;

E. An award of liquidated damages as a result of the Defendants' willful failure to pay the applicable overtime compensation pursuant to 29 U.S.C. §216;

F. An award of liquidated damages for the Defendants' New York Labor Law violations;

G. An award of statutory damages for the Defendants' violation of the New York Wage Theft Prevention Act;

H. Back pay;

I. Punitive damages;

J. An award of prejudgment and post-judgment interest;

K. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

  L. Such other, further, and different relief as this Court deems just and proper.

Dated: September 17, 2025
   New York, New York

              */s/ Michael Samuel*
              Michael Samuel, Esq. (MS 7997)
              THE SAMUEL LAW FIRM
              1441 Broadway
              Suite 6085
              New York, New York 10018
              (212) 563-9884
              *Attorneys for Plaintiff*