# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

January 20, 2026

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Lara K. Eshkenazi, U.S.M.J.
225 Cadman Plaza East
Brooklyn, NY 11201-1832

   *Re:* <u>Gil v. A&L II New York Corporation, *et al.*</u>
      <u>Case No.: 1:25-cv-5222 (LKE)</u>

Dear Judge Eshkenazi:

  This firm represents the Defendants in the above-referenced case, and respectfully submits this letter motion in accordance with ¶ V.A.1 of this Court's Individual Rules for a premotion conference in anticipation of its motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule").

**Legal Standard**

  The Court evaluates the sufficiency of the complaint on a Rule 12(b)(6) motion under "the two-pronged approach" articulated in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).  *First*, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. <u>Id.</u> at 678.  *Second*, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id.</u> at 679.  To survive the motion, the allegations must meet a standard of "plausibility." <u>Id.</u> at 678; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 554, 557 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. Moreover, '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." <u>See</u> <u>Twombly</u>, 550 U.S. at 545, <u>cited</u> <u>in</u> <u>Lundy v. Cath. Health Sys. of Long Island Inc.</u>, 711 F.3d 106, 114 (2d Cir. 2013).

**Plaintiff's Claims Must be Dismissed**

  A. <u>Plaintiff's First Claim (Overtime under the Fair Labor Standards Act)</u>

  "'[T]o survive a motion to dismiss [an FLSA overtime claim], [Plaintiff] must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than [forty (40)] hours.'" <u>Nakahata v. New York-Presbyterian Healthcare Sys., Inc.</u>, 723 F.3d 192, 200 (2d Cir. 2013) (quoting <u>Lundy v. Catholic Health System of Long Island Inc.</u>, 711 F.3d 106, 114 (2d Cir.2013)). For example, such a pleading should include "sufficient detail about the length and frequency of their unpaid work." <u>Nakahata</u>, 723 F.3d at 201.

Here, Plaintiff states broadly that he regularly worked 58.5 hours per week, but admits in the same sentence that his hours varied. See ECF Docket Entry 1 ¶ 20. Beyond this paragraph, he merely states broadly that he worked "in excess of forty hours" each week. See ECF Docket Entry 1 ¶ 22, 24, 33, 34. This is a mere recitation of the elements, and is thus insufficient to state a claim under Iqbal.

Similarly, Plaintiff pleads that he was paid $900.00 weekly in cash, which does not itself prove violation of anything. See ECF Docket Entry 1 ¶ 21. Assuming forty (40) hours per week, this amounts to $22.50 per hour, well above the NYC minimum wages at the time Plaintiff worked for Defendants.[1] Even assuming Plaintiff worked, say, forty-nine (49) hours per week, $900 would *still* be squarely compliant with overtime requirements because Plaintiff fails to plead whether the $900.00 was for all hours worked.[2]

Moreover, Plaintiff's "mere conclusory statements" that Defendants willfully avoided giving Plaintiff written notice of his actual hours worked in an effort to disguise his hours and avoid paying him the overtime wage for all hours worked over forty (40) hours in a workweek is surrounded by no facts on which to base any plausible entitlement to relief. See Ashcroft v. Iqbal, 556 U.S. at 678-79; see also ECF 1 ¶¶ 27-29. Given that the FLSA requires *both* work in excess of forty (40) hours per week *and* compensation at "not less than one and one-half times the regular rate at which he is employed," Plaintiff has failed to plead with specificity, beyond speculation, any facts regarding these operative elements of the FLSA. 29 U.S.C. § 207(a); Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89 (2d Cir. 2013).

### B. Plaintiff's Second Claim (Overtime under the New York Labor Law)

A district court has "supplemental jurisdiction over all other claims that are so related to claims" within the district court's original jurisdiction "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). But the "district court[ ] may decline to exercise supplemental jurisdiction ... if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Indeed, the Second Circuit has stated that "where the federal claims are dismissed before trial, the state claims should be dismissed as well." Delaney v. Bank of Am. Corp., 766 F.3d 163, 170 (2d Cir. 2014).

Here, because the sole FLSA claim should be dismissed for the reasons articulated above, this Court should decline to exercise supplemental jurisdiction over any remaining state law claims. Cain v. Mercy College, 2022 WL 779311, at *2 (2d Cir. 2022). The Second Circuit dismisses NYLL claims where it dismisses an FLSA claim. See Dejesus, 726 F.3d at 89, n.5 ("In light of the fact that '[t]he relevant portions of [NYLL] do not diverge from the requirements of the FLSA," our conclusions below about the FLSA allegations 'appl[y] equally to [the NYLL] state law claims'") (citations omitted).

---

[1] Minimum wage in NYC was $16.00 in 2024, and 16.50 in 2025. See https://www.ny.gov/new-york-states-minimum-wage/new-york-states-minimum-wage; New York Labor Law § 652(1-a).

[2] 40 hours times $16.50 equals $660. $16.50 times 1.5 for overtime equals $24.75 per hour. $900 minus $660 leaves $240 for overtimes. 9 hours of overtime equals $222.75. Plaintiff was actually paid *more* than this final result of $882.75 in wages owed.

As Defendant has stated *supra*, Plaintiff has failed to allege necessary facts regarding her overtime claim under the NYLL. Accordingly, this claim must be dismissed.

### a. Plaintiff's Third Claim (Spread-Of-Hours under the New York Labor Law)

Defendants refer the Court to its foregoing arguments regarding the Court's discretion to reject supplemental jurisdiction, particularly in the context of dismissing NYLL claims following dismissal of FLSA claims.

Spread of hours claims are dismissed where rate of pay during days exceeding ten (10) hours has not been alleged. See Cheng v. Wong, No. 1:24-cv-1507 (ARR)(LB), (E.D.N.Y. Sept. 26, 2024) (unpublished), ECF Docket Entry 22 at page 3 ("'[o]nly employees making the minimum wage rate, or less, are eligible for spread-of-hours compensation.' … Thus, to state a spread of hours claim, plaintiffs must allege that they worked more than ten hours in one workday and that, given the hours worked, their hourly pay was equal to (or less than) the minimum wage. Although plaintiffs have adequately alleged that their workdays exceeded ten hours in certain periods, they have failed to sufficiently allege their rate of pay during those days. I therefore dismiss their claim for spread of hours pay") (citing Hernandez v. Delta Deli Mkt. Inc., No. 18-CV-375, 2019 WL 643735, at *7 (E.D.N.Y. Feb. 12, 2019)).

Here, Plaintiff's allegations that he worked in excess of ten hours without spread-of-hours compensation is not pleaded with specificity. See ECF 1 ¶¶ 25-26, 44-45. First, it is unknown whether Plaintiff is even eligible for spread-of-hours pay, as he did not plead that his baseline rate is either minimum wage or less. Moreover, Plaintiff does not plead *when* such violations may have occurred, beyond his general questionable allegation that he was regularly scheduled to work 11-hour days (questionable due to his allegation, in the same sentence, that his hours varied). See ECF 1 ¶ 20. Accordingly, this claim must be dismissed.

### b. Plaintiff's Fourth Claim (Wage Theft Prevention Act under the NYLL)

Defendants respectfully refer the Court to its foregoing arguments regarding the Court's discretion to reject supplemental jurisdiction, particularly in the context of dismissing NYLL claims following dismissal of FLSA claims.

Courts in this Circuit have held that "plaintiffs lack standing to bring wage notice and statement claims under the NYLL absent any concrete, downstream consequences of the recordkeeping violation." Chen v. Lilis, 200 W. 57th Corp., 2023 WL 2388728, at *8 (S.D.N.Y. Mar. 7, 2023). "Vague allegations that Defendants' violations facilitated their other unlawful conduct do not give rise to a cognizable downstream consequence." Id.; Quieju v. La Jugueria Inc., 2023 WL 3073518 (E.D.N.Y. Apr. 25, 2023) (plaintiff was unable to show that he had standing to bring these claims).

Thus, Plaintiffs lacks Article III standing to pursue their first and second claims. Chisolm-Lucas v. Am. Airlines, Inc., 2025 WL 2229840, at *3 (E.D.N.Y. Aug. 5, 2025) (noting that "courts in this circuit routinely reject claims under NYLL § 195 for lack of standing"); Vazquez v. Cousins Grocery & Grill Inc., 2025 WL 1384069, at *9 (E.D.N.Y. May 13, 2025) (dismissing that

plaintiff's wage notice and statement claims for lack of standing); <u>Yunganaula v. D.P. Grp. Gen. Contractors/Devs. Inc.</u>, 2024 WL 1342739, at *1 (E.D.N.Y. Mar. 29, 2024) ("Plaintiff lacks standing to pursue his claims that [the defendant] violated the NYLL's wage notice and wage statement provisions because [p]laintiff had not adequately pleaded a tangible injury resulting from [the defendant's] failure to provide the required notices"); <u>Wang v. XBB, Inc.</u>, 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022) ("Plaintiff has not linked any injury-in-fact to [d]efendants' failure to provide statutory notices under the NYLL, so she lacks standing to recover on that claim" (citation omitted)); <u>Francisco v. NY Tex Care, Inc.</u>, 2022 WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022) ("While those may be technical violations of the NYLL, neither [p]laintiff nor the record demonstrate how those technical violations led to either a tangible injury or something akin to a traditional cause of action").  "A mere failure to provide wage statements is a prototypical informational injury that cannot create standing, and plaintiffs often struggle to identify non-speculative downstream harms caused by the allegedly deficient statements." <u>Chisolm-Lucas</u>, 2025 WL 2229840, at *3.

Here, Plaintiff has not alleged *any* injury incurred as a result of Defendant's purported failure to provide wage notice and/or statements.

Even under the relatively low standard of a Rule 12(b)(6) motion, Plaintiff's Complaint amounts to no more than conclusory statements, void of any factual allegations. Accordingly, these claims should be dismissed on the merits.

| | |
|---|---|
| Dated: Jamaica, New York<br>January 20, 2026 | Respectfully submitted,<br>**SAGE LEGAL LLC**<br>  */s/ Emanuel Kataev, Esq.*  <br>Emanuel Kataev, Esq.<br>18211 Jamaica Avenue<br>Jamaica, NY 11423-2327<br>(718) 412-2421 (office)<br>(917) 807-7819 (cellular)<br>(718) 489-4155 (facsimile)<br>emanuel@sagelegal.nyc<br><br>*Attorneys for Defendants* |

**<u>VIA ECF</u>**
Michael Samuel, Esq. (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway, Suite 6085
New York, New York 10018
(212) 563-9884

*Attorneys for Plaintiff*

4