# THE SAMUEL LAW FIRM

ATTORNEYS AT LAW

1441 BROADWAY – SUITE 6085, NEW YORK, NY 10018
PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.thesamuellawfirm.com

**MICHAEL SAMUEL**
michael@thesamuellawfirm.com

January 27 , 2026

ADMITTED IN
NY

<u>*Via ECF*</u>
The Hon. Hector Gonzalez
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> ***Re:  Gil v. A&L II New York Corporation et al.***
> ***Case No. 1-25-cv-5222-HG***

Dear Judge Gonzalez:

We represent the plaintiff Fidel Hernandez Gil ("Plaintiff") in the above-referenced matter and respectfully submit this letter pursuant to Rule IV.A. of Your Honor's Individual Practices, in response to Defendants' pre-motion letter to Magistrate Judge Eshkenazi dated January 20, 2026 (ECF 16) regarding their contemplated Fed. R. Civ. P. Rule 12(b)(6) motion to dismiss Plaintiff's Fair Labor Standards Act ("FLSA") claims and related New York Labor Law ("NYLL") claims.

### I. <u>Defendants' Pre-Motion Letter Is Untimely and Procedurally Improper</u>

As a threshold matter, Defendants' pre-motion letter is untimely and should not be considered pursuant to Your Honor's Individual Practice Rule IV.A.9. Defendants' deadline to answer or otherwise respond to the Complaint was January 6, 2026, based on the executed waiver of service sent on November 7, 2025 (ECF 15). Defendants neither filed a responsive pleading nor sought any extension of time by that deadline.

Defendants have thus failed to comply with either Your Honor's Individual Practices Rule I.C.1., which requires that any such request for extension be made at least three (3) business days in advance of the applicable deadline. Nor did they comply with Judge Eshkenazi's Individual Practices Rule I.A.2. which requires that any such request for extension be made at least two (2) business days in advance of such deadline. Defendants' contemplated motion to dismiss should thus not be considered.

A pre-motion conference request does not retroactively toll the Fed. R. Civ. P. 12 deadline for responsive pleading and cannot excuse a default absent a showing of good cause, which Defendants have not even attempted to make. Defendants should thus not now be heard on their proposed Rule 12(b)(6) motion to dismiss. Plaintiff therefore respectfully requests that the Court deny Defendants' pre-motion conference request as untimely.

### II. <u>Defendants' Proposed Rule 12(b)(6) Motion Lacks Merit</u>

The Hon. Hector Gonzalez
January 27, 2026

  Even if the Court were to overlook Defendants' procedural default, their proposed motion to dismiss fails on the merits upon a review of the Complaint guided by the Second Circuit's recent instruction in *Herrera v. Commes Des Garcons et al.*, 22-cv-1962, 2023 WL 6798604 (Oct. 16, 2023) as to the specificity required of pleadings in an FLSA action.  In *Herrera*, the Second Circuit reversed the district court's dismissal where the plaintiffs had sufficiently specified (1) a regular schedule of work hours consisting of a specified number of shifts per week; and (2) the length of each shift, as well as the estimated total number of hours worked over 40 in any given week. Like in *Herrera,* Plaintiff's Complaint here specifies all of those things by alleging exactly six shifts per week, the exact start and stop times for each day of the six-day workweek, and the total number of hours worked over 40 each week. (Complaint, ¶ 20).

  Examining Plaintiff's pertinent factual allegations more closely, the Complaint adequately pleads an FLSA overtime claim.  Plaintiff alleges that he "had a regular schedule of 6 days per week with varying hours." (Complaint, ¶ 20).  Contrary to Defendants' assertion, the reference to "varying hours" simply refers to the fact that the exact start and stop times of Plaintiff's daily shifts varied across his six-day workweek, depending upon the particular day of the week. The exact start and stop times for each of Plaintiff's shifts are specifically stated in the Complaint. (Complaint, ¶ 20).  The complaint further alleges clearly that Plaintiff's regular schedule was "totaling approximately 58.5 hours per week;". (Complaint, ¶ 20).

  The Complaint further alleges that Plaintiff was paid a flat weekly rate of $900 in cash (Complaint, ¶ 21) and that Defendants failed to pay him any overtime compensation for hours worked in excess of forty per week.  (Complaint, ¶ 22).  These allegations together are more than sufficient to satisfy the pleading standards specified by the U.S. Supreme Court in the *Iqbal* case, as cited by the Second Circuit in the *Lundy*, *Nakahata* and *Dejesus* cases (all cited by Defendants) and more recently discussed by the Second Circuit in *Herrera*.  At the pleading stage, Plaintiff is not required to plead exact dates, times, or a mathematical breakdown of unpaid overtime, as the Second Circuit made clear in *Herrera*, stating that no week-by-week recounting of the hours they worked was necessary. Still, Plaintiff here has even exceeded that standard by alleging the exact times that he started and stopped working on each of the six days of the week he worked.

  Defendants' argument, at page 2 of their letter, that Plaintiff's weekly compensation could hypothetically be divided in a way that results in compliance with FLSA minimum wage requirements bears no relation whatsoever to any of the factual allegations in the Complaint, which are deemed to be true at this stage for purposes of reviewing a motion to dismiss.[1]  Defendants pre-motion letter thus improperly invites the Court to draw factual inferences in Defendants' favor and to resolve factual disputes that are inappropriate on a motion to dismiss.  Whether Plaintiff's weekly pay was intended to cover all hours worked, whether any overtime premium was paid, whether it was paid at the required overtime premium rate, and whether Defendants maintained accurate time records are by definition fact issues.

  Furthermore, Defendants' use of mathematical examples based on Plaintiff's $900 weekly salary to engage in hypothetical minimum wage calculations ignores and misses another key point. The FLSA and NYLL separately require payment of overtime at one-and-one-half times the regular rate,

---

[1] *GICC Capital Corp. v. Tech. Fin. Corp.*, 67 F.3d 463, 465 (2nd Cir. 1995).

The Hon. Hector Gonzalez
January 27, 2026

regardless of whether the employee's average hourly rate exceeds the minimum wage. A flat weekly salary payment does not satisfy overtime obligations unless it includes an overtime premium, which Plaintiff alleges it did not. (Complaint, ¶¶ 22, 23).

Defendants' argument that Plaintiff's allegations are "conclusory" ignores the well-settled rule that where, as here, employers fail to maintain proper records, employees may plead and prove overtime through reasonable estimates and approximations. Defendants' insistence on heightened specificity improperly seeks to impose a pleading standard exceeding that which is required by Fed. R. Civ. P. 8, as confirmed by the Second Circuit in *Herrera*.[2]

Here, the Complaint explicitly alleges that Plaintiff regularly worked six specific daily shifts totaling 58.5 hours per week (Complaint, 20); that Plaintiff was paid a flat weekly cash salary of $900 (Complaint, ¶ 21); that Plaintiff did not receive any overtime pay (Complaint, ¶¶ 22, 23); that Defendants were aware that Plaintiff was working in excess of 40 hours per week because they set his schedule (Complaint, ¶ 24); and that Plaintiff did not receive any additional pay for each day that he worked a shift exceeding ten hours in length from start to finish (Complaint, ¶ 25). Such allegations are not conclusory whatsoever. Should the Court determine that additional specificity is required however, Plaintiff stands ready to sufficiently amend the Complaint as the Court deems necessary.

III. Wage Theft Prevention Act Allegations

Finally, regarding Plaintiff's claim for statutory damages under the NYLL's Wage Theft Prevention Act ("WTPA") for Defendants' failure to provide wage notices and statements, the Complaint specifically alleges that Plaintiff suffered financial harm from Defendants' failure to properly inform him of the hourly wage rate he was paid and the applicable wage rates he was lawfully entitled to receive (Complaint, ¶¶ 27, 28, and 29). These allegations distinguish the Complaint here from that in *Guthrie v. Rainbow Fencing, Inc.*, 113 F. 4th 300 (2d Cir. 2024) where the plaintiff only alleged the failure to provide the required notices but did not allege any downstream harm as a result.

IV. Conclusion

Defendants' pre-motion conference request should be denied as untimely. Even if it were considered, the proposed motion lacks merit and would serve only to delay discovery in a straightforward wage-and-hour case. Plaintiff respectfully wishes to reserve all rights, including the right to seek entry of default, and submits this response without waiving any related procedural or substantive arguments. We thank the Court for its attention to this matter and are available at the Court's convenience should the Court have any questions regarding the contents of this letter.

Respectfully submitted,
/s/ *Michael Samuel*
Michael Samuel, Esq.

THE SAMUEL LAW FIRM

---

[2] *Because Plaintiff states a viable FLSA overtime claim, supplemental jurisdiction over the NYLL unpaid wage claims plainly exists. In any event, the NYLL claims are independently and adequately pleaded for the same reasons.*

3

The Hon. Hector Gonzalez
January 27, 2026

*Attorneys for Plaintiff*


Cc: Emanuel Katev, Esq.  (VIA ECF)
  *Attorney for Defendants*

4