UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

HERNANDEZ GIL,

|  |  |
|---|---|
| Plaintiff, | Case No.: 1:25-cv-5222 (HG) |

     -against-

A&L II NEW YORK CORPORATION D/B/A BAGELS
& CO., MEEMA N.Y. CORPORATION D/B/A
BAGELS & CO., HILA ASHKENAZI, and HAIM
LEVI,

                            Defendants.
----------------------------------------------------------------X


### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM


**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Bagels & Co., Inc. and*
*Hila "Doe"*

**<u>PRELIMINARY STATEMENT</u>**

Despite being placed on notice of the deficiencies in their pleadings, Plaintiff Fidel Hernandez Gil (hereinafter "Gil" or "Plaintiff") has failed to meet the long known and well-established pleading standard to state a claim pursuant to either the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL").   As such, Defendants Bagels & Co., Inc. (hereinafter "Bagels" or the "Corporate Defendant") and Hila "Doe" (hereinafter "Hila" or the "Individual Defendant") (Bagels and Hila collectively hereinafter the "Defendants") respectfully move to dismiss Plaintiff's first amended complaint ("FAC") for failure to state a claim upon which relief can be granted.

Plaintiffs' allegations that he regularly worked in excess of forty (40) hours per week, or approximately 58.5 hours, are insufficient, without any supporting factual context, such as how many hours he actually worked in a given week or how much he was actually paid during that week compared to what he was entitled to under the law.  The general allegations in the complaint are simply insufficient to state a claim.  Indeed, anyone reviewing the complaint is unable to make heads or tails of whether Plaintiff was properly paid under the FLSA.

Although Plaintiff allege in the Complaint that he generally worked 58.5 hours per week and was generally paid $900.00 per week, this type of generalized and conclusory pleading fails to state a claim upon which relief can be granted because it is impossible to calculate how many hours and how much in wages he earned in, at least, a single week to ascertain the existence of a violation of the FLSA and/or the NYLL.  As such, the FAC must be dismissed for failure to state a claim.

Plaintiff relies heavily on the Second Circuit's decision in <u>Herrera</u> to argue that Defendants' motion is meritless, but this misses the mark.

Herrera reaffirmed the Second Circuit's decisions in Nakahata, Lundy, and DeJesus. More importantly, Herrera is inapposite as it dealt with exempt employees who were allegedly misclassified. No such misclassification dispute exists here. While Herrera explained the ease with which one could allege he worked more than forty (40) hours a week, Plaintiff's motion is silent as to the second element, which deals with the compensation a wage & hour plaintiff must plead in order to state a claim upon which relief can be granted.

In addition, the Individual Defendant did not employ Plaintiff, and the conclusory allegations in the FAC with respect to her alleged "employer" status is insufficient to state a claim for individual liability for FLSA and/or NYLL violations under the economic realities test. Therefore, dismissal of all claims against the Individual Defendants is warranted.

Defendants thus respectfully submit this motion to dismiss should be granted on the ground that the Plaintiffs' claims fail to state a claim for relief, and further leave to replead should be denied because Plaintiff was put on notice of the deficiencies in the complaint, was given an opportunity to correct those deficiencies, and failed to correct them.

Alternatively, the federal claims must be dismissed and this Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

### **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

On September 17, 2025, Plaintiff filed the instant case asserting causes of action under: (i) FLSA for unpaid overtime wages; (ii) the NYLL for unpaid overtime wages; and (iii) the NYLL for failure to pay spread of hours compensation; and (iv) the NYLL for record keeping violations. See ECF Docket Entry 1.

On September 29, 2025, this case was referred to arbitration. See ECF Docket Entry 7 (referring case to arbitration within 120 days of filing an answer).

On December 16, 2025, Defendants appeared by counsel and filed a waiver of service.  See ECF Docket Entries 14 and 15.

On January 20, 2026, Defendants moved by letter motion for a pre-motion conference in anticipation of their motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  See ECF Docket Entry 16.  On January 27, 2026, Plaintiff opposed and sought leave to amend the complaint at the Court's invitation in its January 23, 2026 Order.  See ECF Docket Entry 17 and Text Only Order dated January 23, 2026.

On February 2, 2026, this Court permitted Plaintiff leave to amend the complaint, on condition that he comply with Local Civil Rule ("LCR") 15.1.  See Text Only Order dated February 2, 2026.  On February 6, 2026, Plaintiff amended his complaint but failed to comply with LCR 15.1 in including as an exhibit a blackline version, or similar comparison, that shows which portions differ from Plaintiff's original complaint.  See ECF Docket Entry 18.[1]

In support of their FLSA and NYLL claims, Plaintiff alleges broadly that he regularly worked *approximately* 58.5 hours per week, but admits in the same sentence that his hours varied. See ECF Docket Entry 18 ¶ 20.[2] Beyond this paragraph, he merely states broadly that he worked "in excess of" or "beyond" forty hours each week.  See Id. ¶ 22, 24, 34, 35.  Similarly, Plaintiff pleads that he was paid $900.00 as a "flat weekly salary," "in cash" and does not allege anything by way of what the parties agreed to vis-à-vis his wages.  See Id. ¶ 21.[3]  These allegations are insufficient to state a claim for relief under the FLSA or NYLL.

---

[1] This Court should issue an Order directing Plaintiff to so comply with its February 2, 2026 Order.

[2] Other than shortening his name, this allegation is identical to its predecessor.  See ECF Docket Entry 1 ¶ 20.

[3] Plaintiff amended these allegations to include "flat weekly salary" in comparison to his earlier allegations.  See ECF Docket Entry 1 ¶ 21.

3

**STANDARD OF REVIEW**

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

A claim has "facial plausibility" only if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Anschutz Corp. v. Merrill Lynch & Co., 690 F.3d 98 (2d Cir. 2012). "Factual allegations must be enough to raise a right to relief above the speculative level," and the stated grounds for relief must consist of more than "labels and conclusion." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will [therefore] not suffice to prevent a motion to dismiss." See Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (quoting Gebhardt v. Allspect, Inc., 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000)) (internal citation and quotation marks omitted in original).

Although the complaint need not contain detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." See Iqbal, 556 U.S. at 678. Nor will a pleader's "formulaic recitation of the elements of a cause of action" be considered adequate to survive a Rule 12(b)(6) motion. See Twombly, 550 U.S. at 555.

While the Court must limit itself to the facts alleged in the complaint and any documents attached to the complaint as exhibits or incorporated by reference therein, Courts may also look to matters of which judicial notice may be taken in determining a motion for judgment on the pleadings. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also ASARCO LLC v. Goodwin, 756 F.3d 191, 198 (2d Cir. 2014), cert. denied, 135 S. Ct. 715 (2014).

As set forth herein, the FAC falls woefully short of properly pleading Plaintiffs' claims.

As a result, the Complaint must be dismissed.

## ARGUMENT

**A. The Allegations in Plaintiff's First Amended Complaint Fail to State a FLSA Claim**

    1. The Wage-and-Hour Claims Must be Dismissed

The FLSA generally requires employers to pay "employees a specified minimum wage, and overtime of time and one-half for hours worked in excess of forty hours per week." See Fernandez v. Zoni Language Centers, Inc., 858 F.3d 45, 48 (2d Cir. 2017) (quoting Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 533 (2d Cir. 2015) (citing 29 U.S.C. §§ 206–207)). The NYLL adopts this same standard. See 12 NYCRR § 142–2.2 (2011). The minimum wage under federal law is $7.25 per hour, and the minimum overtime wage rate is therefore $10.88 per hour. See 29 U.S.C. § 206(a)(1)(C).

As set forth below, Plaintiff has altogether failed to state a plausible FLSA claim.

In order to state a claim for overtime wages under the FLSA and the NYLL, a plaintiff must allege "a single workweek in which [he or she] worked at least 40 hours and also worked uncompensated time in excess of 40 hours[.]" See Burke v. New York City Tr. Auth., 758 Fed. Appx. 192, 195 (2d Cir. 2019), cert denied, 140 S.Ct. 852 (2020) (citing Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); Nakahata v. New York–Presbyterian Healthcare Sys., 723 F.3d 192, 201 (2d Cir. 2013)) (dismissing both the FLSA and NYLL overtime claims for failure to provide length and frequency of alleged unpaid work); see also Gisomme v. HealthEx Corp., 2014 U.S. Dist. LEXIS 67588, at *6 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek"). In this case, Plaintiff's allegations do not meet this standard; he fails to allege a single workweek where he worked over forty (40) hours *and* that there was uncompensated time in excess of forty (40) hours.

5

In <u>Nakahata</u>, the Second Circuit discussed <u>Lundy</u> and recounted how the plaintiffs there pled the number of hours they were typically scheduled to work in a week and thus failed to state an FLSA overtime claim; on that same basis, the Court in <u>Lundy</u> dismissed the FLSA overtime claim. <u>See</u> 723 F.3d at 200-201.  This is no different from the FAC in the instant case, where Plaintiff alleges that he *generally* worked *approximately* 58.5 hours per week without identifying any specific week as required to state a claim under the FLSA.

In <u>DeJesus v. HF Mgt. Services, LLC</u>, the Second Circuit in dismissing the FLSA claim, held that an allegation that a plaintiff "regularly worked" more than forty (40) hours a week and was not properly compensated – similar to that alleged in the FAC here – was "one of those borderline phrases" that while not stating an "ultimate legal conclusion[]," was "nevertheless so threadbare or speculative that [it] fail[ed] to cross the line between the conclusory and the factual." <u>See</u> 726 F.3d 85, 89 (2d Cir. 2013).

In the FAC here, many of these "borderline phrases" are used, including, but not limited to: (i) "Plaintiff worked beyond forty hours in a workweek" (FAC ¶ 24); (ii) that Plaintiff worked "approximately" 58.5 hours per week (FAC ¶ 20); and (iii) "During his employment … Plaintiff … was … paid a flat weekly salary … at the rate of $900 per week" (FAC ¶ 21). Recently, the Second Circuit held that a Complaint which alleged that a plaintiff "regularly worked in excess of 40 hours per week" and that in a "typical week" the plaintiff would work "approximately 70 [sic] hours", was insufficient to state an FLSA claim.  <u>See Paleja v. KP NY Operations LLC</u>, 2022 U.S. App. LEXIS 3399 at **3-4 (2d Cir. Feb. 8, 2022) (summary order).  In this case, the FAC should be analyzed in the same exact manner as that described above because it is no different, which can be seen from the FAC's conclusory allegations as to the hours Plaintiffs generally worked.

Indeed, the FAC entirely fails to identify a single week in which any Plaintiff worked and was not paid at overtime compensation. This is because an employee's average hourly wage is calculated "by dividing his total remuneration for employment ... in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." See 29 C.F.R. § 778.109. And it follows, logically, that because a plaintiff needs to allege some uncompensated time in excess of forty (40) hours, it is not enough to merely allege that a plaintiff generally received a weekly salary without alleging what the parties agreed to so that the sufficiency of the complaint could be weighed.

As such, the allegations in the FAC are not enough to plead a claim under the FLSA or the NYLL. See Lundy, Nakahata, DeJesus, and Paleja, *supra*. Accordingly, like the complaints in Lundy, Nakahata, DeJesus, and Paleja, Plaintiffs similarly fail to state a claim under the FLSA and the NYLL, and thus these claims must be dismissed.

### 2. The Individual Defendant Did Not Employ Plaintiff

The complaint must also be dismissed against the Individual Defendant. An individual or entity may be held liable under the FLSA if it is deemed an "employer" under the statute. See 29 U.S.C. § 203(d). Under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." Id. An entity or individual "employs" an individual if it "suffer[s] or permit[s]" that individual to work. See 29 U.S.C. § 203(g).

"[T]he determination of whether an employer-employee relationship exists for purposes of the FLSA [is] grounded in economic reality rather than technical concepts." See Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013) (quotation marks omitted). "Employment for FLSA purposes [is] a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." Id. at 104.

The relevant factors as to whether an employment relationship exists under the FLSA include '"whether the alleged employer: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" Id. at 104-05 (quoting Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 142 (2d Cir. 2008)).

These factors are not exclusive and no one factor is dispositive. Id. at 105;[4] see also Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (to determine whether a party qualifies as an "employer" under both the FLSA and NYLL's "generous definitions," the relevant inquiry is "whether the alleged employer possessed the power to control the workers in question … with an eye to the economic reality presented by the facts of each case"); Tracy v. NVR, Inc., 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (dismissing FLSA claim against Human Resources officer because allegations presuming control based on that officer's job title did not sufficiently allege his control over plaintiff); Wolman v. Catholic Health Sys. of Long Island, Inc., 853 F. Supp. 2d 290, 299 (E.D.N.Y. 2012) ("[C]ourts will not find individual liability when the relationship between plaintiff-employees and the putative employer is too attenuated, especially when the entity has a significant number of employees"). In Apolinar v. R.J. 49 Rest., LLC, 2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016), the plaintiffs sued their boss's mother "using identical language that plaintiffs use with respect to the other individual defendants." Id. at *14. The Court dismissed the claims against the boss's mother since there were solely conclusory allegations regarding her duties "which merely plead the presence of the factors relevant to whether an individual is a joint employer" Id. at *14-15.

---

[4] The same analysis that applies to FLSA claims also applies to claims brought under the NYLL. See Xue Lian Lin v. Comprehensive Health Mgmt., Inc., 2009 U.S. Dist. LEXIS 29779, at *6 (S.D.N.Y. Apr. 9, 2009) (citing Cannon v. Douglas Elliman, LLC, 2007 U.S. Dist. LEXIS 91139, at *9 (S.D.N.Y. Dec. 10, 2007)).

The Court in <u>Apolinar</u> held that is insufficient to plausibly show that he or she was their employer for purposes of the FLSA.

In the instant case, Plaintiff similarly makes conclusory allegations in the FAC with respect to the "employer" status of the Individual Defendant, which are insufficient to state a claim under the economic realities test and warrant dismissal. These boilerplate allegations simply state that the Individual Defendant "has been involved in the day-to-day operations … played an active role in managing the business, as well as scheduling, managing, supervising and paying Plaintiff" and "ha[d] the power to hire and fire employees, set wages and work schedules , and maintain their records, including those of Plaintiff." <u>See</u> FAC ¶¶ 8-9.

But Plaintiff's "formulaic recitation of the elements of a cause of action" is insufficient to survive dismissal. <u>See</u> <u>Twombly</u>, 550 U.S. at 555.  Plaintiff does not allege *how* the Individual Defendant actually asserted any of the foregoing alleged conduct over him so as to state a claim under the economic realities test.  In other words, Plaintiff does not allege that Hila actually hired or fired Plaintiff, set his schedule, or determined his compensation.  This is not enough to establish individual liability as an employer, and is insufficient to state a claim under the economic realities test.  <u>See</u> <u>Davis v. Ching Yi Cheng</u>, 2017 U.S. Dist. LEXIS 212738, **19-21 (E.D.N.Y. Decl. 28, 2017) (dismissing claims against all but one (1) individual defendant since there was "absolutely no evidence that any of the other co-defendants …, had anything to do with the Plaintiff's employment" including interviewing, hiring, or having anything to do with employment or wages).

Accordingly, Plaintiffs' claims against the Individual Defendants must be dismissed.

### 3.   Plaintiff Lacks Standing over the Wage Theft Prevention Act Claims

Courts in this Circuit have held that "plaintiffs lack standing to bring wage notice and statement claims under the NYLL absent any concrete, downstream consequences of the recordkeeping violation." <u>Chen v. Lilis, 200 W. 57th Corp.</u>, 2023 WL 2388728, at *8 (S.D.N.Y. Mar. 7, 2023).

9

"Vague allegations that Defendants' violations facilitated their other unlawful conduct do not give rise to a cognizable downstream consequence." Id. On the other hand, allegations that go "beyond asserting a bare statutory violation and sufficiently allege a concrete harm" resulting from "the underpayment of wages" pass muster, because "monetary injury is a concrete harm sufficient for purposes of Article III standing." Mateer v. Peloton Interactive, Inc., 2022 WL 2751871, at *2 (S.D.N.Y. July 14, 2022); Metcalf v. TransPerfect Translations Int'l Inc., 2023 WL 2674743, at *5, *7 (S.D.N.Y. Mar. 29, 2023) (standing adequately pled where "plaintiffs ... allege that the inaccurate wage statements provided by [their employer] resulted in them being underpaid for nearly nine months").

Here, Plaintiff alleges he was caused "financial harm" as a result of his not being informed of the actual amount he has been paid on an hourly basis and the lawfully applicable rates of pay owed him at all relevant times, such that he could not calculate or verify whether he was being paid the proper hourly rate. See FAC ¶ 28. This is insufficient.

A 2023 decision in this district styled Quieju v. La Jugueria Inc., 2023 WL 3073518 (E.D.N.Y. Apr. 25, 2023) is illustrative here. In Quieju, the plaintiff, a former restaurant worker, alleged that his former employer violated the FLSA and the NYLL by, inter alia, not providing him "with a time-of-hire wage notice nor with the wage statements" under the NYLL. Id. at *1.

The court there held that the plaintiff was unable to show that he had standing to bring these claims, recognizing the plaintiff's implicit argument "that if [the] defendants had given him the required documents, those documents would have informed him that he was not being paid his required wages." Id. at *2. "Enlightened by that knowledge, [the] plaintiff then would have demanded his required wages. Having made such a demand, [the] defendants would have then paid him his required wages, and [the] plaintiff would have avoided the injury he suffered by the failure to properly pay him." Id. Although the plaintiff in Quieju tried to argue that this implicit analysis demonstrated that the plaintiff had suffered an actual and concrete injury, the court found that "[t]his hypothetical chain of events is not what the Supreme Court means by an 'injury fairly traceable to the allegedly unlawful conduct.'" Id. (quoting California v. Texas, 593 U.S. 659, 668-69 (2021)).

The court continued, noting that "[t]he injury that plaintiff suffered (i.e., [the] defendants' failure to properly pay him) is not an injury he sustained because of a lack of the required documents; it is an injury sustained because his employer violated its obligation to pay minimum wage, overtime, and spread of hours pay under other, express requirements of federal and state law." Id. at *2. Other courts in this circuit have similarly relied on Quieju to emphasize the need for a "concrete downstream consequence" to establish standing for wage notice and statement violations. Brathwaite v. Martini Collections Inc., 2025 WL 99108, at *7 (S.D.N.Y. Jan. 14, 2025), report and recommendation adopted, 2025 WL 448040 (S.D.N.Y. Feb. 10, 2025); Maldonado v. Loxton, Inc., 2024 WL 4449293, at *6 (E.D.N.Y. Oct. 9, 2024).

## B. Plaintiff Must be Denied Leave to Amend the Complaint

Upon dismissal of the complaint for failure to state a claim, this Court must deny leave to amend the pleadings as Plaintiff already received an opportunity to do so. The Second Circuit has held that leave to amend a pleading may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." See TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014) (quotation marks omitted).

Here, Plaintiff has already been provided with an opportunity to remedy the above-referenced deficiencies in the pleadings and have once amended the complaint in response to Defendants' initial letter motion for a pre-motion conference in anticipation of the instant motion. For Plaintiff to now receive yet another opportunity to amend is futile and will only cause undue prejudice to Defendants. Further, because the pleading deficiencies complained of here were set forth in Defendants' pre-motion conference letter seeking to file a motion to dismiss the Complaint, they were not unforeseen such that leave should be granted once more to amend, given that it is indisputable that Plaintiffs were placed on notice of these deficiencies and has failed to cure them. See Banco Safra S.A.-Cayman Is. Branch v Samarco Mineracao S.A., 849 Fed. Appx. 289, 296 (2d Cir. 2021) ("And Banco Safra had ample opportunity to amend its

11

complaint to cure the … deficiencies. It is thus "unlikely that the deficiencies ... were unforeseen") (citing City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG, 752 F.3d 173, 188 (2d Cir. 2014)).

Moreover, a district court is not required to grant leave to amend when it grants a motion to dismiss based on pleading deficiencies, as the Court should do in the instant matter. See Porat v. Lincoln Towers Cmty. Ass'n, 464 F.3d 274, 276 (2d Cir. 2006); see also City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG, 752 F.3d 173, 188 (2d Cir. 2014).

Accordingly, granting leave to amend must be denied.

**C. Alternatively, this Court Should Decline to Exercise Supplemental Jurisdiction over Plaintiff's State Law Claims**

The alleged jurisdictional basis over Plaintiff's state law claims against Defendants is supplemental jurisdiction, under 28 U.S.C. § 1367.  See FAC ¶ 3.   However, since the federal claim should be dismissed for the reasons articulated above, this Court should decline to exercise supplemental jurisdiction over any remaining state law claims.  See Cain v. Mercy Coll., 2022 U.S. App. LEXIS 6590 at **4-5 (2d Cir. March 15, 2022) (declining to exercise supplemental jurisdiction over state law claims after dismissing federal claims); see also Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

Also, the Court can, and should, *sua sponte* decline to exercise supplemental jurisdiction. See, e.g., Rothenberg v. Daus, 2015 U.S. Dist. LEXIS 39764 at **33-34, fn. 12 (S.D.N.Y. March 27, 2015) ("plaintiffs' contention that the court may not decline to exercise supplemental jurisdiction *sua sponte* contravenes black letter law") (citing Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield, 6 F. Supp. 3d 275, 293 (E.D.N.Y. 2014) ("[T]he Court *sua sponte*

declines to exercise supplemental jurisdiction over the remaining [state law] claims against [defendants]")), Boggs v. Die Fliedermaus, LLP, 2004 U.S. Dist. LEXIS 12883, at *3 (S.D.N.Y. July 7, 2004), Manway Constr. Co. v. Hous. Auth. of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983).

Based on the foregoing, this Court should decline to exercise supplemental jurisdiction and should instead dismiss the state claims in the Complaint.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that Plaintiffs' First Amended Complaint be dismissed in its entirety.

Dated:  Jamaica, New York
March 18, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

__/s/ Emanuel Kataev, Esq.__
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Bagels & Co., Inc. and*
*Hila "Doe"*

**VIA ECF**
The Samuel Law Firm
Attn: Michael Samuel, Esq.
1441 Broadway, Suite 6085
New York, NY 10018
(212) 563-9884

*Attorneys for Plaintiff*