**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FIDEL HERNANDEZ GIL,<br><br>       Plaintiff,<br><br>       - vs. –<br><br>A&L II NEW YORK CORPORATION d/b/a BAGELS & CO., MEEMA N.Y. CORPORATION d/b/a BAGELS & CO., and HILA ASHKENAZI,<br><br>       Defendants. | DOCKET NO. 1-25-cv-05222-HG |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

THE SAMUEL LAW FIRM
Michael Samuel (MS-7997)
1441 Broadway – Suite 6085
New York, New York 10018
(212) 563-9884

*Attorneys for Plaintiff Hernandez Gil*

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT...................................................................................................... 1

STATEMENT OF FACTS............................................................................................................. 3

LEGAL ARGUMENT .................................................................................................................. 4

    I.    DEFENDANTS' MOTION IS UNTIMELY AND FAILS TO COMPLY WITH THIS
        COURT'S RULES.............................................................................................................4

    II.    APPLICABLE LEGAL STANDARD FOR MOTION TO DISMISS FLSA OVERTIME
        CLAIM ........................................................................................................................ 4

    III.    PLAINTIFF HAS SUFFICIENTLY STATED HIS FLSA OVERTIME CLAIM.................6

    IV.    THE DEFINITION OF AN EMPLOYER UNDER THE FLSA IS BROAD AND
        PLAINTIFF HAS SUFFICIENTLY ALLEGED THAT DEFENDANT HILA "DOE"
        ASHKENAZI WAS HIS EMPLOYER......................................................................... 7

    V.    PLAINTIFF HAS STANDING TO ASSERT HIS NYLL WAGE THEFT PREVENTION
        ACT CLAIMS .............................................................................................................10

CONCLUSION .............................................................................................................................12

TABLE OF AUTHORITIES

Cases                                              Page

*Apolinar v. R.J. 49 Rest., LLC*, 2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016)............... 9

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)........................................................................ 5

*Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132 (2nd Cir. 2008)............8, 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................... 5

*Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984)...............................6, 7, 8

*Chin v. United Rest. Grp., Inc.*, 2019 WL 3003995 (S.D.N.Y. July 9, 2019) ........................ 9

*Compagnone v. MJ Licensing Co.*, 2019 WL 1953931 (S.D.N.Y. May 2, 2019) ...............................10

*DeJesus v. HF Mgmt. Servs. Inc.*, 726 F.3d 85, 89 (2d Cir. 2013)......................................5

*GICC Capital Corp. v. Tech. Fin. Corp.*, 67 F.3d 463, 465 (2nd Cir. 1995)....................................3

*Goldberg v. Whitaker House Cooperation, Inc.*, 366 U.S. 28 (1961)..........................................8

*Guthrie v. Rainbow Fencing, Inc.*, 113 F.4th 300 (2d Cir. 2024).................................. 11

*Hart v. Rick's Cabaret Intern., Inc.*, 967 F. Supp. 2d 901 (S.D.N.Y. 2013)......................... 8

*Herman v. RSR Security Services Ltd.*, 172 F.3d 132 (2d Cir. 1999)...................................7, 8, 9

*Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 116-17 (2d Cir. 2023)...............................5

*In re Initial Publ. Offering Sec. Litig.*, 383 F.Supp.2d 566 (S.D.N.Y. 2005)...................................... 5

*Johnson v. Best Bev LLC*, No. 24-CV-1260 (AJB)(ML), 2025 WL 2734204,
                at *5 (N.D.N.Y. Sept. 25, 2025)...................................................................12

*Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)...................5, 7

*Racewicz v. Alarm Processing Sys., Inc.*, 2014 WL 4417354 (E.D.N.Y. Sept. 8, 2014),...............10

*Rescuecom Corp. v. Google Inc.*, 562 F.3d 123 (2nd Cir. 2009)................................................ 4

*Rutherford Food Corp. v. McComb*, 331 U.S. 722 (1947) ........................................................ 8

*TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021)............................................................. 11

*Uraga v. Amici 519 LLC*, 2018 WL 3579850 (S.D.N.Y. July 25, 2018),.....................................10

*Walling v. Porterland Terminal Co.* 330 U.S. 148 (1947)............................................................7

*Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*, 2009 WL 976835
(S.D.N.Y. Apr. 9, 2009)...........................................................................................10

*Zambrano v. Envios Espinoza, Inc.,* No. 22-cv-3031 (OEM) (SIL), 2025 WL1808694, at *13
(E.D.N.Y. July 1, 2025)...........................................................................................12

*Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2nd Cir. 2003).....................................................7, 8, 9

<u>*Statutes and Rules*</u>

Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq. .......................................................... passim

29 U.S.C. § 203 (d), (g) ........................................................................................................................ 7

Fed. R. Civ. P. 8(a)(2)........................................................................................................................ 4

Fed. R. Civ. P. 12(b)(6)....................................................................................................................1, 4

## PRELIMINARY STATEMENT

This is a wage and hour case in which the plaintiff, Fidel Hernandez Gil ("Plaintiff"), who worked for several months at the defendants' Fresh Meadows, New York bagel shop & restaurant performing various duties including cooking, cleaning and making smoothies during 2024 and 2025, alleges that he regularly worked in excess of forty hours per week but that the defendants failed to pay him overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiff also claims that during his employment the defendants failed to provide him with the wage notices and statements required by the New York Labor Law's Wage Theft Prevention Act.

Moving defendants A&L II New York Corporation d/b/a Bagels & Co., Meema N.Y. Corporation d/b/a Bagels & Co., and Hila "Doe" Ashkenazi (collectively Defendants) now assert pursuant to Fed. R. Civ. P. 12(b)(6) that Plaintiff's claims should be dismissed on three principal grounds: (1) that Plaintiff has failed to sufficiently plead his FLSA overtime claim; (2) that Plaintiff has failed to sufficiently plead that individual defendant Hila "Doe" Ashkenazi was his employer; and (3) that Plaintiff lacks standing to bring his wage notice and statement claims under the NYLL. However Defendants' motion papers mischaracterize and misapply recent Second Circuit precedent, as well as ignore key aspects of Plaintiff's Amended Complaint, most importantly Plaintiff's detailed and specific allegations regarding his daily schedule of hours worked and the exact number of hours (58.5) that that he worked in excess of forty hours per week.  For the reasons set forth more fully below, the present motion to dismiss should be denied in its entirety because Plaintiff's

1

Amended Complaint sufficiently pleads the claims asserted therein under applicable Second Circuit standards.

## PROCEDURAL BACKGROUND

Plaintiff originally filed this wage & hour action complaint on September 7, 2025 (ECF 1) against Defendants, but also naming as an individual defendant Haim Levi, who was later voluntarily dismissed from this action on October 30, 2025.[1] Each of the moving defendants was served timely (see ECF 7, 8, 9) but failed to timely answer or otherwise response to the complaint.  Counsel for Defendants subsequently contacted Plaintiff's counsel during October 2025  and indicated that he would respond to the complaint shortly. After no answer was filed soon thereafter, Plaintiff subsequently informed the Court on December 2, 2025, that Plaintiff would seek a certificate of default if no answer were filed by December 15, 2025 (ECF 13). Counsel for moving defendants subsequently noticed his appearance and executed a waiver of service on December 16, 2025 (ECF 14, 15), requiring Defendants to respond to the complaint by January 6, 2026.

Defendants again failed to timely respond to the complaint by January 6, 2026, but instead two weeks later, on January 20, 2026, filed their premotion letter (ECF 16) requesting a premotion conference in anticipation of filing the present motion to dismiss. Plaintiff timely responded to moving defendants' premotion letter on January 27, 2026 (ECF 17) addressing the issues raised in Defendants' premotion letter.  The Court then granted Plaintiff leave to amend his complaint to address such

---

[1] ECF 7 - Notice Voluntary Dismissal as to Haim Levi; Mr. Levi was terminated as a party to this action on November 3, 2025.

issues and Plaintiff timely filed his amended complaint on January 27, 2026 (ECF 18; the "Amended Complaint" or "AC"). Plaintiff now respectfully submits this memorandum of law in opposition to the present motion to dismiss.

## STATEMENT OF FACTS[2]

Bagels & Co. is a bagel shop and restaurant company incorporated in New York with a principal place of business in Fresh Meadows, New York and engaged in interstate commerce, with gross revenues in excess of $500,000.00 (AC ¶¶ 4-6). Defendant Hila "Doe" Ashkenazi is an adult individual residing in this District and is an owner and/or manager of Bagels & Co., with the power to hire and fire, manage, pay, schedule and supervise its employees, including Plaintiff (AC ¶¶ 8-9). Plaintiff was employed by Defendants from December 15, 2024, through June 30, 2025, at their Fresh Meadows, Queens bagel shop and restaurant located at 188-02 Union Turnpike, Fresh Meadows, performing various duties including cooking, making smoothies and cleaning. (AC ¶¶ 14, 17).

Plaintiff alleges that during his employment he "had a regular work schedule of 6 days a week as follows:  Monday, Tuesday, Wednesday, Thursday and Sunday, from 6:00 a.m. to 3:30 p.m. (9.5 hours per day); and Friday from 4:30 a.m. to 3:30 p.m. (11 hours); totaling approximately 58.5 hours per week" (AC ¶ 20). During his employment by Defendants, Plaintiff "was not paid an hourly rate but instead was paid a flat weekly salary, in cash, of $900 per week." (AC ¶ 21).  Plaintiff "did not receive any overtime premium for hour hours worked in excess of forty hours per

---

[2] The facts herein are taken from the Amended Complaint.  At this stage of the litigation, for the purposes of assessing a motion to dismiss, they are deemed to be true.  *GICC Capital Corp. v. Tech. Fin. Corp.*, 67 F.3d 463, 465 (2nd Cir. 1995).

week" during his employment.  (AC ¶ 22).  And "Defendants also failed to pay Plaintiff overtime compensation for all hours he worked beyond 40 hours in a workweek." (AC ¶ 24).

## LEGAL ARGUMENT

### I.   DEFENDANTS' MOTION IS UNTIMELY AND FAILS TO COMPLY WITH THIS COURT'S RULES.

As a preliminary procedural matter, the present motion is untimely and fails to comply with this Court's rules.  As stated previously in Plaintiff's letter response (ECF 17) to Defendants' premotion letter, Defendants violated Your Honor's Individual Practices Rule IV.A.9. by failing to timely answer or respond to the original complaint in this action by January 6, 2026, nor did Defendants formally request any extension of that deadline.  Additionally, Defendants' present motion papers themselves violate this Court's rules in that they do not even include a table of contents, as required by Your Honor's Individual Practices Rule IV.B.2, in light of the length of Defendants' supporting memorandum of law.

### II.   APPLICABLE LEGAL STANDARD FOR MOTION TO DISMISS FLSA OVERTIME CLAIM.

Defendants' motion challenges the sufficiency of Plaintiff's pleadings pursuant to Fed. R. Civ. P. 12(b)(6).  The generally applicable pleading standard is set forth in Fed. R. Civ. P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." When reviewing a motion to dismiss, a court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127

4

(2nd Cir. 2009). Nevertheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief plausible on its face,'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 194 9 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The task of a court in ruling on a motion to dismiss is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *In re Initial Publ. Offering Sec. Litig.*, 383 F.Supp.2d 566, 574 (S.D.N.Y. 2005). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Here, where Plaintiff has asserted unpaid overtime compensation claims under the FLSA, in order to survive the present motion to dismiss, Plaintiff "must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). It is insufficient to merely "track the statutory language of the FLSA, lift its numbers and rehash its formulation, but allege no particular facts sufficient to raise a plausible inference of an FLSA overtime violation." *DeJesus v. HF Mgmt. Servs. Inc.*, 726 F.3d 85, 89 (2d Cir. 2013). The plaintiff cannot simply say they worked more than forty hours per week at some point in their employment, but it is sufficient at the motion-to-dismiss stage to allege that the plaintiff was, during an identified period of time, "employed to work more than forty hours per week as part their regularly scheduled workweek." *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 116-17 (2d Cir. 2023). As initially referenced above at page 1 and explained more fully below, Plaintiff has met his pleading burden under those

5

applicable Second Circuit cases because the Amended Complaint alleges the specific number of hours Plaintiff worked on a daily basis, as well as the total numbers of hours worked (58.5) each week during his employment.

### III.    PLAINTIFF HAS SUFFICIENTLY STATED HIS FLSA OVERTIME CLAIM.

Applying the above-described Second Circuit pleading standards here, Plaintiff's Amended Complaint contains the specificity *Herrera* requires, including the duration of his employment (AC ¶ 17), the number of hours he worked each day of the workweek and how many hours of overtime he worked on a weekly basis (AC ¶ 20). Contrary to Defendants' grossly inaccurate reference, at the bottom of page 6 of their memorandum of law, to "conclusory allegations as to the hours Plaintiffs generally worked" (even though there is only a single plaintiff here), Plaintiff's allegations set forth at paragraph 20 of the Amended Complaint are detailed and specific as to the exact start and stop times of each daily shift, as well as exact the number of hours Plaintiff worked each and every day of his six-day workweek, resulting in his working 58.5 hours per week (i.e., clearly in excess of 40 hours per week) during his employment.

Combined with the Amended Complaint's further allegations at paragraph 21 that Plaintiff "was not paid an hourly wage but instead was paid a flat weekly salary"; at paragraph 22 that Plaintiff "did not receive any overtime premium for hours worked in excess of forty hours per week…"; and again at paragraph 24 that "Defendants also failed to pay Plaintiff overtime compensation for all hours he worked beyond 40 hours in a workweek…", Plaintiff's factual allegations more than satisfy *DeJesus's* requirement that a plaintiff "raise a plausible inference of an FLSA overtime violation."  Notwithstanding Defendants' inexplicable and baseless initial assertion that "it is impossible to calculate

how many hours and how much in wages he earned," Plaintiff has thus sufficiently stated his FLSA overtime claim under applicable Second Circuit standards.

Defendants' related contention, at page 7 of their memorandum of law, that Plaintiff fails to necessarily allege "what the parties agreed to" further misreads the applicable pleading standard.  The FLSA does not require a plaintiff to plead the terms of a compensation agreement in order to state an overtime claim but instead only requires that plaintiff allege he worked in excess of forty hours in a workweek and was not paid overtime premium.  *See Lundy*, 711 F.3d at 114.  A flat weekly salary that does not include an overtime premium for hours worked beyond forty is a violation on its face, and Plaintiff here has alleged precisely that at paragraphs 21, 22 and 24 of the Amended Complaint.

**IV.    THE DEFINITION OF AN EMPLOYER UNDER THE FLSA IS BROAD AND PLAINTIFF HAS SUFFICIENTLY ALLEGED THAT DEFENDANT HILA "DOE" ASHKENAZI WAS HIS EMPLOYER.**

The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  It defines "employ" as suffering or permitting an employee to work, 29 U.S.C. § 203(g), and those definitions are construed broadly, as "the remedial nature of the statute . . . warrants an expansive interpretation of its provisions." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).  Indeed, the definition is "the 'broadest definition [of "employ"] that has ever been included in any one act.'" *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 69 (2nd Cir. 2003).  It encompasses "'working relationships, which prior to [the FLSA], were not deemed to fall within an employer-employee category.'" *Id*. (quoting *Walling v. Porterland Terminal Co.*, 330 U.S. 148, 150-51 (1947)); see

7

*Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947) ("This Act contains its own definitions, comprehensive enough to require its application to many persons and working relationships, which prior to this Act, were not deemed to fall within an employer-employee category.")[3]

In FLSA cases, whether an employer-employee relationship exists "should be grounded in `economic reality rather than technical concepts.'" *Barfield v. New York City Health and Hospitals Corp*, 537 F.3d 132, 141 (2nd Cir. 2008) (quoting *Goldberg v. Whitaker House Cooperation, Inc.*, 366 U.S. 28, 33 (1961)); see *Zheng*, 355 F.3d at 66. It is "a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." *Barfield*, 537 F.3d at 141-42.  The Second Circuit has identified four factors to be considered under the "economic reality test": "`whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Herman*, 172 F.3d at, 139 (quoting *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984)); see *Barfield*, 537 F.3d at 142.

The Second Circuit noted further in its *Barfield* decision that while meeting these four factors "`can be sufficient to establish employ[ment] status,' [it] had never held `that a positive finding on those four factors is necessary to establish an employment relationship.'" *Barfield*, 537 F.3d at 143 (emphasis and first alteration in

---

[3] The statutory standard for employer status under the NYLL is nearly identical to that of the FLSA. *Hart v. Rick's Cabaret Intern., Inc.*, 967 F. Supp. 2d 901, 940 (S.D.N.Y. 2013) (noting that although the Court of Appeals has not spoken, there is no case law suggesting any difference between the NYLL's standard and the FLSA's.)

original) (quoting *Zheng*, 355 F.3d at 69). Courts must look beyond "an entity's formal right to control the physical performance of another's work," *Zheng*, 355 F.3d at 69; indeed, simply exercising "functional control" over workers may be sufficient to be an employer under the FLSA. *Id*. at 72. Nor does employer status "require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees. Control may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA." *Herman*, 172 F.3d at 139.

Plaintiff's Amended Complaint sufficiently alleges that defendant Hila "Doe" Ashkenazi was Plaintiff's employer under those applicable Second Circuit standards. This case is not at all similar to the *Apolinar*[4] case cited by Defendants, where a plaintiff asserted conclusory claims that his boss's mother was also his employer. Here the Amended Complaint specifically alleges that defendant Hila "Doe" Ashkenazi "has the power to hire and fire employees, set wages and work schedules, and maintain their records, including those of Plaintiff" (AC, ¶ 8) and "has been involved in the day-to-day operations of Bagels & Co. and played an active role in managing the business, as well as scheduling, managing, supervising and paying Plaintiff during his employment by Defendants" (AC, ¶ 9).

More than that is not required at this stage to survive the present motion with respect to defendant Hila "Doe" Ashkenazi's status as Plaintiff's employer, as district courts in this Circuit have routinely accepted that level of specificity at the motion to dismiss stage. For example, in *Chin v. United Rest. Grp., Inc.*, 2019 WL 3003995 at *1

---

[4] *Apolinar v. R.J. 49 Rest., LLC*, 2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016)

9

(S.D.N.Y. July 9, 2019), Judge Koetl found to be sufficient allegations that an individual defendant was the chief operating officer of the defendant company (and thus had the power to control wages and salaries) and that he supervised employees, thus controlling their employment. In *Uraga v. Amici 519 LLC*, 2018 WL 3579850 at *4 (S.D.N.Y. July 25, 2018), Judge Carter denied a motion to dismiss where the plaintiffs had alleged that "Individual Defendants are senior executive officers of Corporate Defendants who (1) have the authority to affect changes to the terms of employees' employment, (2) who regularly visit restaurants and reprimand employees, and (3) who ensure that the business is operating efficiently and profitably."

In *Racewicz v. Alarm Processing Sys., Inc.*, 2014 WL 4417354, at *3 (E.D.N.Y. Sept. 8, 2014), it was sufficient that the complaint alleged that the defendant supervised and paid the plaintiff and had the authority to set pay rates, just as the Amended Complaint here alleges regarding defendant Hila "Doe" Ashkenazi here. (AC, ¶¶ 8,9). In *Racewicz*, Judge Glasser rejected the defense's accusation that this type of allegation was "conclusory," contrasting it with a mere allegation that "upon information and belief, [d]efendants were employers ... within the meaning of the FLSA." *Id.*, *citing Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*, No. 08 Civ. 6519, 2009 WL 976835, at *2 (S.D.N.Y. Apr. 9, 2009). *See also Compagnone v. MJ Licensing Co.*, 2019 WL 1953931 at *3 (S.D.N.Y. May 2, 2019), (allegations that defendants were plaintiff's employers and exercised "significant control" over his work were sufficient, even though "some of the language is 'boilerplate.'" Plaintiff's allegations that defendant Hila "Doe" Ashkenazi was his employer based on her direct and regular

10

involvement in the terms, conditions and day-to-day aspects of his employment should thus survive the present motion.

**V.      PLAINTIFF HAS STANDING TO ASSERT HIS NYLL WAGE THEFT PREVENTION ACT CLAIMS.**

Defendants' argument that Plaintiff lacks standing to bring his wage notice and wage statement claims should also fail upon proper application of the Second Circuit's standard specified in *Guthrie v. Rainbow Fencing, Inc.*, 113 F.4th 300 (2d Cir. 2024).  In *Guthrie*, the Second Circuit applied the U.S. Supreme Court's decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021), to hold that plaintiffs seeking statutory damages under NYLL § 195 lack Article III standing when they fail to show a causal connection between the lack of accurate notices and downstream harm.  113 F.4th at 308-09.  A bare "informational injury" is insufficient; the violation must cause a concrete injury, such as inability to detect underpayment, delayed wages, or other financial consequences. *Id.* at 308 & n.4.

By contrast, Article III is satisfied where a plaintiff alleges that deficient notices plausibly contributed to wage loss.  *Id*. at 310.  Here, at paragraph 28 of the Amended Complaint, Plaintiff alleges that he:

> "received no paystubs or wage statements of any sort with his pay during his employment... which caused him financial harm as a result of his not being informed of the actual amount he has been paid on an hourly basis and the lawfully applicable rates of pay owed him...such that he could not calculate or verify whether he was being paid the proper hourly rate and amount of wages, including overtime...."

At paragraph 29 of the Amended Complaint, Plaintiff also alleges that he never received a written wage notice, similarly "causing him financial harm...." Again at paragraph 30 of the Amended Complaint Plaintiff alleges that Defendants' failure to

11

provide him with "properly compliant weekly records reflecting his compensation and hours worked… causing him financial harm resulting from his not being informed of the actual amount …paid on an hourly basis, for the particular numbers of hours worked…."

These allegations are distinct from the *Guthrie* plaintiff's allegations identifying only *potential* harms that *could* result from the failure to provide wage notices and wage statements.  Plaintiff here alleges specific downstream harm to him resulting in quantifiable loss of wages, harm that he actually "*did*, in fact, experience." *Id*.  Plaintiff thus has standing to assert his NYLL §§ 195(1) and (3) claims. *See, e.g., Zambrano v. Envios Espinoza, Inc.,* No. 22-cv-3031 (OEM) (SIL), 2025 WL1808694, at *13 (E.D.N.Y. July 1, 2025) (holding Article III standing exists where plaintiffs pleaded that the failure to provide wage information caused uncertainty regarding their wages).  *See also Johnson v. Best Bev LLC*, No. 24-CV-1260 (AJB)(ML), 2025 WL 2734204, at *5 (N.D.N.Y. Sept. 25, 2025) (holding plaintiff identified concrete downstream harm suffered as a result of the statutory [wage notice] violations).

<u>**CONCLUSION**</u>

For all of the reasons set forth above, Plaintiff respectfully submits that this Court should deny the present motion to dismiss in its entirety.

Respectfully submitted,

Dated:  April 17, 2026

THE SAMUEL LAW FIRM

By:   */s/ Michael Samuel*
Michael Samuel (MS 7997)
1441 Broadway, Suite 6085
New York, New York 10018
(212) 563-9884
*Attorneys for Plaintiff*
*Fidel Hernandez Gil*

12