**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

**HERNANDEZ GIL,**

|  |  |
|---|---|
| **Plaintiff,** | **Case No.: 1:25-cv-5222 (HG)** |
| **-against-** | **DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS** |
| **A&L II NEW YORK CORPORATION D/B/A BAGELS & CO., MEEMA N.Y. CORPORATION D/B/A BAGELS & CO., HILA ASHKENAZI, and HAIM LEVI,** | |
| **Defendants.** | |

---------------------------------------------------------------X

## PRELIMINARY STATEMENT

A&L II New York Corporation d/b/a Bagels & Co. ("A&L"), Meema N.Y. Corporation d/b/a Bagels & Co. ("Meema"), and Hila Ashkenazi ("Hila"), (collectively hereinafter the "Defendants"), respectfully submit this Reply Memorandum of Law in Further in Support of their Motion to Dismiss the instant case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or the "Rule").

## PROCEDURAL HISTORY

Defendants respectfully note that Plaintiff's discussion of the timeliness of Defendants' prior filings is irrelevant to the Court's determination of the merits (or lack thereof) of Plaintiff's first amended complaint ("FAC").

## LEGAL ARGUMENT

### I.      DEFENDANTS' MOTION MAY BE CONSIDERED ON ITS MERITS

It is well established by Courts in the Second Circuit that "'[a] clear preference exists for cases to be adjudicated on the merits,'" "'instead of on the basis of procedural missteps.'" See United States v. Veeraswamy, 765 F.Supp.3d 168, 188 (E.D.N.Y. 2025) (internal citations

1

omitted); see also Williams v. Citigroup Inc., 659 F.3d 208, 212-13 (2d Cir. 2011); New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005).

Moreover, "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." See Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001); see also Cui v. Fed. Bureau of Investigation, 551 F. Supp. 3d 4, 15 (E.D.N.Y. 2021); Mauro v. Countrywide Home Loans, Inc., 727 F. Supp. 2d 145, 148 n.1 (E.D.N.Y. 2010).

Here, this Court issued an Order requiring Defendants to file a motion to dismiss by a date certain. See Text Only Order dated February 2, 2026 (requiring motion to dismiss to be filed by March 18, 2026). Defendants did exactly that, and this Court's Order supplants the January 6, 2026 deadline. This is especially the case where Plaintiff failed to request a certificate of default. Indeed, in light of the Second Circuit's oft-stated preference for cases to be decided on the merits, Plaintiff's argument as to untimeliness should be rejected.

Accordingly, any dispute regarding the timeliness of Defendants' motion is irrelevant, given the Court's broad discretion and preference to consider cases on their merits.

## II.     PLAINTIFF HAS NOT SUFFICIENTLY PLED HIS FLSA CLAIM

It is plainly untrue that a flat weekly salary which, by virtue of being a flat rate, does not include a discrete overtime premium, is inherently a violation of the FLSA; it is not enough for Plaintiff to claim that pay structure alone – issued via a weekly flat rate rather than an hourly rate – implies missing overtime compensation. See Lundy v. Cath. Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013) (requiring that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours") (emphasis added), citing 29 U.S.C. § 207(a)(1). See also Mendez v. MCSS Rest. Corp., 564 F. Supp. 3d 195, 217 (E.D.N.Y. 2021) (denying

summary judgment under the FLSA where there was a dispute regarding whether employees were paid an hourly or flat-rate salary).

The insufficiency of Plaintiff's pleading is especially apparent where, as here, Plaintiff's claim regarding his own hours is speculative at best. See  DeJesus v. HF Mgt. Services, LLC, 726 F.3d 85, 89 (2d Cir. 2013), which denounced the use of such "borderline phrases" as those used in Plaintiff's FAC. See FAC ¶ 20 (Plaintiff worked "approximately" 58.5 hours per week).

This is all-the-more apparent in light of the fact that Plaintiff fails to plead what the parties agreed was his regular rate of pay.  See Gorman v. Consol. Edison Corp., 488 F.3d 586, 595 (2d Cir. 2007) (holding that the FLSA generally requires that an employee who works more than forty hours in a week be paid for the excess time at a rate "not less than one and one-half times the regular rate at which he is employed" and that the regular rate is "all remuneration for employment paid to ... the employee"); see also Walling v. Youngerman–Reynolds Hardwood Co., 325 U.S. 419, 424-25 (1945) (holding that "the hourly rate actually paid the employee for the normal, non-overtime workweek," and "must reflect all payments which the parties have agreed shall be received regularly during the workweek, *exclusive of overtime payments*") (emphasis added).

Applying the holdings of Gorman and Walling, it is incontrovertible Plaintiff failed to allege with a sufficient degree of specificity that he worked overtime hours for which he was not compensated.  This is fatal to his FLSA claim.

Crucially, to calculate "the regular hourly rate of pay, on which time and a half must be paid," the workweek-equivalent salary is divided "by the number of hours which the salary *is intended to compensate*." See 29 CFR § 778.113(a) (emphasis added).

Here, again, the pleadings are barren as to what compensation was intended to compensate Plaintiff for the regular workweek.  See Everett v. Grady Mem. Hosp. Corp., No. 15-CIV.-173 (SCJ), 2016 WL 9651268, at *26 (N.D. Ga. May 12, 2016), aff'd, 703 Fed. Appx. 938 (11th Cir. 2017) ("The fact that the employer has failed to comply with the FLSA in not paying overtime does not "alter the employee's regular rate of pay, which under Missel[1] turns on what the parties agreed the employee would be paid for the hours he actually worked") (emphasis added).

Plaintiff relies heavily on the Second Circuit's recent decision in Herrera v. Comme des Garcons, Ltd., 84 F.4th 110 (2d Cir. 2023).  However, Herrera expressly reaffirmed the trilogy of cases the Second Circuit decided in Lundy, Nakahata, and De Jesus.  Moreover, the plaintiffs in Herrera were classified as exempt from overtime under the FLSA, while no such allegations are present here.  Herrera is therefore inapposite to this case.

As such, because there are no allegations concerning what the parties agreed to regarding Plaintiff's compensation, the pleadings fail to state an overtime claim under the FLSA.

### III.     HILA IS NOT AN EMPLOYER UNDER THE FLSA

Based on the allegations in the pleadings, Plaintiff has failed to allege that Hila was his employer. See Barfield v. New York City Health and Hospitals Corp., 537 F.3d 132, 141-42 (2nd Cir. 2008).

Plaintiff's allegations, that Hila "has the power to hire and fire employees, set wages and work schedules, and maintain their records, including those of Plaintiff" and "has been involved in the day-to-day operations of Bagels & Co. and played an active role in managing the business, as well as scheduling, managing, supervising and paying Plaintiff during his employment by Defendants," are merely conclusory, threadbare recitations of the elements, entirely insufficient

---

[1] See Overnight Motor Transp. Co. v. Missel, 316 U.S. 572 (1942).

under <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), and <u>Smith v. Local 819 I.B.T. Pension Plan</u>, 291 F.3d 236, 240 (2d Cir. 2002). <u>See</u> FAC ¶¶ 8-9.

Specifically, and unlike in <u>Uraga v. Amici 519 LLC</u>, 2018 WL 3579850 at *4 (S.D.N.Y. July 25, 2018), Plaintiff has not stated *how* Hila exercised this alleged authority.

For example, Plaintiff does not state whether Hila visited the restaurant, or the regularity and manner in which she allegedly performed these duties.

In his opposition papers, Plaintiff pats himself on the back for presenting allegations that Hila "was his employer based on her direct and regular involvement in the terms, conditions and day-to-day aspects of his employment," while neglecting that the FAC itself discussed nothing regarding these responsibilities and how they were allegedly so direct and regular.

## IV. PLAINTIFF LACKS STANDING TO ASSERT HIS NYLL WAGE THEFT PREVENTION ACT CLAIMS

In the same manner that Plaintiff has failed to allege his FLSA overtime claim, he has failed to allege that any injury has occurred by virtue of Defendants' alleged lack of wage notice and statement.

Plaintiff cites <u>Guthrie</u> in an attempt to excuse its insufficient pleading by lowering the bar, but instead shows the Court an even lower standard that he has failed to meet. <u>See Guthrie v. Rainbow Fencing, Inc.</u>, 113 F.4th 300 (2d Cir. 2024). <u>Guthrie</u> does not hold that generalized allegations of financial harm or noncompliant notices are sufficient to confer standing.

To the contrary, "the plaintiff-employee cannot 'assume[ ] [t]his conclusion without analysis' or rely on 'speculation and conjecture.' <u>Quieju</u>, 2023 WL 3073518, at *2. Rather, the plaintiff-employee must support a plausible 'theory as to *how* he was injured by [the] defendants' failure to provide the required documents.' <u>Id.</u>" See <u>Guthrie</u>, 113 F.4th at 309.

Here, Plaintiff alleged only that he was unable to "calculate or verify" whether he was properly paid. See FAC ¶ 28. As Defendants have previously stated, this allegation cleanly mirrors the speculative causal chain rejected in Quieju v. La Jugueria Inc., 2023 WL 3073518 (E.D.N.Y. Apr. 25, 2023) (holding that the theory that proper notices would have enabled the plaintiff to detect and correct underpayment does not constitute a cognizable injury).

Again, Plaintiff has failed to allege a concrete injury sufficient for Article III standing, and Plaintiff's Opposition presents no plausible argument regarding same.

Accordingly, Defendants' motion to dismiss should be granted.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion in its entirety and dismiss the instant case, and provide any other and further relief this Court deems just, equitable, and proper.

Dated: Jamaica, New York
      May 1, 2026                        Respectfully submitted,

                                   **SAGE LEGAL LLC**

                                   */s/ Emanuel Kataev, Esq.*
                                   Emanuel Kataev, Esq.
                                   18211 Jamaica Avenue
                                   Jamaica, NY 11423-2327
                                   (718) 412-2421 (office)
                                   (917) 807-7819 (cellular)
                                   (718) 489-4155 (facsimile)
                                   emanuel@sagelegal.nyc

                                   *Attorneys for Defendants*
                                   *A&L II New York Corporation d/b/a Bagels & Co.,*
                                   *Meema N.Y. Corporation d/b/a Bagels & Co.,*
                                   *and Hila Ashkenazi*

**VIA ECF**
All counsel of record