UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FIDEL HERNANDEZ GIL,

Plaintiff,

v.

A&L II NEW YORK CORPORATION D/B/A BAGELS & CO., MEEMA N.Y. CORPORATION D/B/A BAGELS & CO., and HILA ASHKENAZI,

Defendants.

**MEMORANDUM & ORDER**
26-CV-5222 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Defendants have moved to dismiss Plaintiff's First Amended Complaint, which asserts claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") based on allegations that Defendants failed to pay Plaintiff overtime compensation, failed to pay him spread-of-hours premium compensation, and failed to provide him a wage notice and wage statements. ECF No. 18 ("FAC").[1] For the reasons set forth below, the Court DENIES Defendants' motion as to (i) the overtime compensation claims, (ii) the spread-of-hours claim, and (iii) the claims against Individual Defendant Ashkenazi, and GRANTS Defendants' motion as to the wage notice and wage statements claim. ECF No. 20 ("Mot."). Defendants shall file an answer that responds to the remaining claims on or before October 5, 2026.

[1] Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

**BACKGROUND**[2]

Plaintiff Fidel Hernandez Gil was employed by Defendants' restaurant, located in Fresh Medows, New York, and doing business under the name Bagels & Co., from approximately December 15, 2024, to June 30, 2025. FAC ¶¶ 14–17. Individual Defendant Hila Ashkenazi is "an owner or part owner and principal of Bagels & Co., and/or a manager of the business" who allegedly exercised control over the terms and conditions of Plaintiff's employment. *Id.* ¶¶ 8–9.

Plaintiff alleges that he worked approximately 58.5 hours per week for Bagels & Co. "as a cook, performing cleaning, and making smoothies" and was paid a flat salary of $900 per week in cash but was not paid an hourly wage and was not paid overtime. *Id.* ¶¶ 17, 20–21. According to Plaintiff, he typically worked "Monday, Tuesday, Wednesday, Thursday, and Sunday from 6:00 a.m. to 3:30 p.m. (9.5 hours per day); and Friday from 4:30 a.m. to 3:30 p.m. (11 hours)" with Saturday off. *Id.* ¶ 20. Plaintiff also alleges that Defendants failed to provide him with a wage notice and failed to provide wage statements or pay stubs with each payment he received. *Id.* ¶¶ 28–31.

Plaintiff asserts four causes of action against Defendants. His first claim alleges that Defendants violated the FLSA by failing to pay him proper overtime compensation. *Id.* ¶¶ 32–37. His second claim alleges that Defendants violated the NYLL by (i) failing to pay him an hourly rate and (ii) failing to pay him proper overtime compensation. *Id.* ¶¶ 38–42. His third claim alleges that Defendants violated the NYLL by failing to pay him an additional hour's pay, at the applicable minimum wage, for each shift worked lasting more than ten hours (the "spread-

[2] The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

of-hours" premium). *Id.* ¶¶ 43–47. Finally, his fourth claim alleges that Defendants violated the NYLL by (i) failing to provide him with notice of his wage rate at the time he was hired or at any time thereafter and (ii) failing to provide him with wage statements. *Id.* ¶¶ 48–53. Plaintiff further alleges that Defendants' failure to provide him with a wage rate notice or wage statements caused him financial harm by preventing him from receiving his lawfully owed compensation, including minimum wage, overtime premium, and spread-of-hours premium. *Id.*

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of [p]laintiff'[s] claims for relief." *Amadei v. Nielsen*, 348 F. Supp. 3d 145, 155 (E.D.N.Y. 2018). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

The Court denies Defendants' motion to dismiss as to the overtime compensation and spread-of-hours claims and as to the claims against Individual Defendant Ashkenazi, but grants Defendants' motion to dismiss as to the wage notice and wage statements claim.

### I. Plaintiff's Overtime Compensation Claims

Defendants state in a conclusory fashion that Plaintiff's overtime compensation claims should be dismissed because Plaintiff's allegation that he regularly worked approximately 58.5

hours per week is insufficient. Mot. at 2, 6–8. Defendants grossly mischaracterize Plaintiff's allegation by claiming that it lacks "any supporting factual context, such as how many hours he actually worked in a given week or how much he was actually paid during that week compared to what he was entitled to under the law." *Id.* at 2. This assertion is incorrect. Plaintiff clearly sets out the number of hours he worked not just for each week but for each day of the weeks he was employed by Defendants. *See* FAC ¶ 20. Defendants' contention that Plaintiff "admits in the same sentence that his hours varied" is also inaccurate. Mot. at 4. Plaintiff does not mention any variation in his weekly schedule. *See generally* FAC.

In order to plead a plausible FLSA overtime claim, Plaintiff "must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). Plaintiff must also "provide sufficient detail about the length and frequency of [his] unpaid work." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013). "Where [a plaintiff] plausibly allege[s] that [he] worked more than forty hours per week as part of [his] regularly scheduled workweek, [he has] adequately stated a claim under the FLSA and need not list the specific workweeks during which [he] worked more than forty hours." *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 112 (2d Cir. 2023). Plaintiff's allegation, which details the number of hours he worked for every day of the workweek during the specific time he was employed by Defendants, and the exact compensation he received for each one of those workweeks, easily meets this standard. Defendants' conclusory and misleading assertions about Plaintiff's overtime claims do not provide the Court with a sufficient basis to dismiss these claims. Accordingly, Defendants' motion to dismiss Plaintiff's overtime compensation claims is denied.

### II. Plaintiff's Spread-of-Hours Claim

Under the NYLL, employees are entitled to an additional hour's pay, at the applicable minimum wage, for each shift worked lasting more than ten hours. *See* 12 NYCRR § 142-2.4. Plaintiff alleges that for the duration of his employment, he worked an 11-hour shift every week on Friday without receiving an additional hour's pay at the applicable minimum wage for those shifts. *See* FAC ¶¶ 20, 26–27. Defendants' motion, which barely addresses Plaintiff's spread-of-hours claim, does not provide the Court with a basis to dismiss this claim. *See generally* Mot. Accordingly, Defendants' motion to dismiss the spread-of-hours claim is denied.

### III. Plaintiff's Claims Against Individual Defendant Ashkenazi

Defendants also argue that Individual Defendant Ashkenazi cannot be held liable under the FLSA and the NYLL because Plaintiff does not sufficiently allege that she was his employer. Mot. at 3, 8–10. The Court disagrees.

In determining whether an employer-employee relationship exists under the FLSA and the NYLL, the Court's analysis "should be grounded in economic reality rather than technical concepts." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013); *see also Gyalpo v. Holbrook Dev. Corp.*, 577 B.R. 629, 638 (E.D.N.Y. 2017) (the definition of an employee under the NYLL, "closely resembles the definition in the FLSA"). Moreover, "[i]ndividual liability under the FLSA is premised upon personal responsibility for making decisions about the conduct of the business that contributed to the violations of the Act." *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 458 (E.D.N.Y. 2014). In assessing whether an individual within a company can be held personally liable, courts in this Circuit "look[] to the totality of the circumstances, and also consider[] the putative employer's level of operation control." *Sethi v. Narod*, 974 F. Supp. 2d 162, 186 (E.D.N.Y. 2013). Factors that help courts determine whether an individual

had sufficient operational control over a company to be liable under the FLSA and the NYLL include whether the individual: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Tapia v. Blch 3rd Ave LLC*, 906 F.3d 58, 61 (2d Cir. 2018). Being an employer under the FLSA and the NYLL "does not require the continuous monitoring of employees, looking over their shoulders at all times." *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 912 (S.D.N.Y. 2013). "[A]n individual's authority over management, supervision, and oversight of a company's affairs in general is relevant to the totality of the circumstances in determining the individual's operational control of the company's employment of the plaintiff employee[]." *Irizarry*, 722 F.3d at 110.

Plaintiff alleges that Ashkenazi "has the power to hire and fire employees, set wages and work schedules, and maintain their records, *including those of Plaintiff*." FAC ¶ 8 (emphasis added). Plaintiff further alleges that Ashkenazi "has been involved in the day-to-day operations of Bagels & Co. and played an active role in managing the business, as well as scheduling, managing, supervising and paying Plaintiff during his employment with Defendants." *Id.* ¶ 9. Although Plaintiff's claims against Ashkenazi are fairly bare bones, at this stage of the litigation, Plaintiff has pled facts that, if true, plausibly suggest that Ashkenazi was his employer under the FLSA and the NYLL. *See Irizarry*, 722 F.3d at 105; *Matson*, 631 F.3d at 63; *see also Winfield v. Babylon Beauty Sch. of Smithtown, Inc.*, 89 F. Supp. 3d 556, 569 (E.D.N.Y. 2015) (finding that plaintiff had pled sufficient facts to suggest that the individual defendants who owned the business at issue had operational control despite "somewhat vague" allegations in the complaint that did "not provide any non-conclusory details regarding the nature of the [i]ndividual [d]efendants' positions, what their duties entailed, [or] how many employees they controlled").

Accordingly, because Plaintiff's complaint includes facts sufficient to support his claim that Ashkenazi was his employer and is liable under the FLSA and the NYLL, Defendants' motion to dismiss Plaintiff's claims against Ashkenazi is denied.

**IV. Plaintiff's Wage Notice and Wage Statements Claim**

With respect to Plaintiff's claim under NYLL §§ 195(1) and (3), Plaintiff has not properly established standing in light of *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300 (2d Cir. 2024). Plaintiff alleges that Defendants' failure to provide him with the required wage notice and wage statements caused him financial harm by preventing him from "being informed of the actual amount he has been paid on an hourly basis" such that he could not "calculate or verify" whether he was being paid the proper amount. *See* FAC ¶¶ 28–30, 48–53. However, as Plaintiff acknowledges in his opposition, "[a] bare 'informational injury' is insufficient" to establish Article III standing in this context. *See* ECF No. 22 at 15 (citing *Guthrie*, 113 F.4th at 308 & n.4). Plaintiff "must show some causal connection between the lack of accurate notices and the downstream harm" and unless he can show that he would have advocated for himself "and plausibly would have avoided some actual harm or obtained some actual benefit if accurate notices had been provided," he "has not established a concrete injury-in-fact sufficient to confer standing." *Guthrie*, 113 F.4th at 308. Plaintiff cannot assume the conclusion that the lack of accurate notices prevented him from obtaining full payment of wages without analysis or by relying on "speculation and conjecture." *Id.* at 309. "Rather, [he] must support a plausible theory as to *how* he was injured by [the] defendants' failure to provide the required documents." *Id.* Because Plaintiff has failed to establish an "actual injury," the Court must dismiss Plaintiff's claims for statutory damages. *See Guthrie*, 113 F.4th at 305.

## V. Leave to Amend

Finally, with respect to the wage notice and wage statements claim, the Court denies leave to amend. "A court should freely give leave when justice so requires, but it may, in its discretion, deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90–91 (2d Cir. 2023) (affirming denial of leave to amend). Here, because Plaintiff does not seek leave to amend, the Court declines to grant it. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("[N]o court can be said to have erred in failing to grant a request [to amend] that was not made."). In any event, "leave to amend would be futile because plaintiff has already had two bites at the apple and they have proven fruitless." *Harris v. Westchester Cnty. Med. Ctr.*, No. 08-cv-1128, 2011 WL 23637429, at *4 (S.D.N.Y. July 6, 2011). On January 20, 2026, Defendants filed a pre-motion conference letter outlining the deficiencies in Plaintiff's wage notice and wage statements claim. *See* ECF No. 16 at 3–4. On January 23, 2026, the Court directed Plaintiff to file a responsive letter that "explain[s] why the Court should not *sua sponte* dismiss his wage notice/wage statement claim for failure to 'show some causal connection between the lack of accurate notices and the downstream harm,'" as required by *Guthrie*. *See* Jan. 23, 2026, Text Order. Three days later, Plaintiff filed a responsive letter stating, in relevant part, that "Plaintiff suffered financial harm from Defendants' failure to properly inform him of the hourly wage rates he was lawfully entitled to receive." ECF No. 17 at 3. Plaintiff's letter attempted to distinguish the facts at issue in this case from the facts in *Guthrie* in a conclusory and unconvincing fashion. *Id.* The Court granted Plaintiff leave to file an amended complaint that attempts to address these deficiencies. *See* Feb. 2, 2026, Text Order. As explained in Part IV, Plaintiff's attempt was unsuccessful.

Because Plaintiff has had multiple opportunities to plead additional facts to support his wage notice and wage statements claim and has failed to do so, the Court declines to grant Plaintiff the opportunity to file a second amended complaint.

**CONCLUSION**

For the reasons set forth above, the Court DENIES Defendants' motion to dismiss as to (i) the overtime compensation claims, (ii) the spread-of-hours claim, and (iii) the claims against Individual Defendant Ashkenazi, and GRANTS Defendants' motion as to the wage notice and wage statements claim. Defendants shall file an answer to the remaining claims on or before October 5, 2026.

The Clerk of Court is respectfully directed to enter judgment consistent with this Order.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
September 21, 2026