UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FIDEL HERNANDEZ GIL,

Plaintiff,

-against-

A&L II NEW YORK CORPORATION d/b/a BAGELS & CO.; MEEMA N.Y. CORPORATION d/b/a BAGELS & CO.; and HILA ASHKENAZI,

Defendants.
-----------------------------------------------------------------X

**Case No.: 1:25-cv-5222 (HG)**

**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendants A&L II New York Corporation d/b/a Bagels & Co., Meema N.Y. Corporation d/b/a Bagels & Co., and Hila Ashkenazi (collectively, "Defendants"), by and through their attorneys, Sage Legal LLC, answer the Second Amended Complaint of Plaintiff Fidel Hernandez Gil (ECF 26) as follows:

## AS TO "NATURE OF THE ACTION"

1. Defendants admit that Plaintiff purports to bring this action under the Fair Labor Standards Act (the "FLSA"). Defendants deny the remaining allegations contained in ¶ 1 of the Second Amended Complaint, including any violation, willfulness, lack of good faith, joint or several liability, and entitlement to the relief demanded.

2. Defendants admit that Plaintiff purports to assert claims under the New York Labor Law (the "NYLL") and its implementing regulations. Defendants deny the remaining allegations contained in ¶ 2 of the Second Amended Complaint.

## AS TO "PARTIES"

3. Defendants admit that Plaintiff is an adult individual. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's residence in ¶ 3 of the Second Amended Complaint and, on that basis, deny that allegation.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 4 of the Second Amended Complaint.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 5 of the Second Amended Complaint.

6. The allegations in ¶ 6 of the Second Amended Complaint include legal conclusions concerning FLSA coverage and employer status. To the extent a response is required, Defendants deny those conclusions and the factual allegations that each corporate Defendant satisfied the statutory requirements alleged.

7. Defendants deny the truth of the allegations contained in ¶ 7 of the Second Amended Complaint.

8. Defendants deny the truth of the allegations contained in ¶ 8 of the Second Amended Complaint as alleged and deny that the allegations establish FLSA coverage as to each Defendant.

9. Defendants admit that Hila Ashkenazi is an adult individual. Defendants deny the remaining allegations contained in ¶ 9 of the Second Amended Complaint as alleged, including the allegations concerning ownership of each named corporation, control over Plaintiff's employment, and statutory employer status.

10. Defendants deny the truth of the allegations contained in ¶ 10 of the Second Amended Complaint as alleged, including that Hila Ashkenazi exercised the alleged operational control over Plaintiff on behalf of both corporate Defendants.

11. Defendants deny that each Defendant was Plaintiff's employer within the meaning of the FLSA or NYLL as alleged in ¶ 11 of the Second Amended Complaint, and deny the remaining allegations of that paragraph.

**AS TO "JURISDICTION AND VENUE"**

12. Defendants admit that the Court has subject-matter jurisdiction to adjudicate the pleaded FLSA claim and may exercise supplemental jurisdiction over related state-law claims within 28 U.S.C. § 1367. Defendants deny that ¶ 12 establishes jurisdiction over claims previously dismissed for lack of standing or establishes any Defendant's liability.

13. Defendants admit that 29 U.S.C. § 216(b) authorizes an action by an employee to recover relief specified in that statute, subject to its requirements. Defendants deny that ¶ 13 of the Second Amended Complaint establishes that Plaintiff has satisfied those requirements or is entitled to relief against any Defendant.

14. Defendants admit that venue is proper in the Eastern District of New York for this action. Defendants deny the remaining allegations contained in ¶ 14 of the Second Amended Complaint to the extent they allege that every Defendant employed Plaintiff or otherwise establish liability.

**AS TO "FACTS"**

15. Defendants admit that a restaurant operates at 188-02 Union Turnpike, Fresh Meadows, New York 11366. Defendants deny the remaining allegations contained in ¶ 15 of the Second Amended Complaint as alleged, including that all Defendants owned and operated that restaurant throughout the entire period at issue.

16. Defendants admit that the restaurant offered food for consumption on the premises and for takeout, as alleged in ¶ 16 of the Second Amended Complaint.

17. Defendants admit that the Bagels & Co. restaurant is subject to the New York Hospitality Industry Wage Order, 12 N.Y.C.R.R. Part 146, as alleged in ¶ 17 of the Second Amended Complaint, but deny that Plaintiff is entitled to any relief.

18. Defendants admit that Plaintiff performed work at the restaurant. Defendants deny the remaining allegations contained in ¶ 18 of the Second Amended Complaint as alleged, including the alleged dates, precise duties, and assertion that each Defendant employed Plaintiff throughout the alleged period.

19. Defendants admit that Plaintiff performed nonexempt work in the ordinary course of the restaurant's business, that his work was integrated into that business, and that his duties did not involve executive or administrative responsibilities. Defendants deny the remaining allegations contained in ¶ 19 of the Second Amended Complaint insofar as they allege an employment relationship with each Defendant.

20. Defendants deny that Plaintiff was individually engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as alleged in ¶ 20 of the Second Amended Complaint, and deny the remaining allegations of that paragraph.

21. Defendants deny the truth of the allegations contained in ¶ 21 of the Second Amended Complaint, including the alleged daily schedule and the assertion that Plaintiff regularly worked 58.5 compensable hours per week.

22. Defendants deny the truth of the allegations contained in ¶ 22 of the Second Amended Complaint as alleged, including the characterization of Plaintiff's compensation as a flat $900.00 weekly cash payment without an hourly rate.

23. Defendants deny the truth of the allegations contained in ¶ 23 of the Second Amended Complaint, including the alleged method of payment, failure to pay overtime, and violation of the Hospitality Industry Wage Order.

24. Defendants deny the truth of the allegations contained in ¶ 24 of the Second Amended Complaint, including any willful violation or lack of good faith.

25. Defendants deny the truth of the allegations contained in ¶ 25 of the Second Amended Complaint.

26. Defendants deny the truth of the allegations contained in ¶ 26 of the Second Amended Complaint, including any willful violation or lack of good faith.

27. Defendants deny the truth of the allegations contained in ¶ 27 of the Second Amended Complaint.

28. Defendants deny the truth of the allegations contained in ¶ 28 of the Second Amended Complaint, including any willful violation or lack of good faith.

29. Defendants deny the truth of the allegations contained in ¶ 29 of the Second Amended Complaint, including the alleged failure to furnish required wage statements and the alleged resulting financial harm. Defendants further state that the Court dismissed Plaintiff's wage-statement claim by Order dated September 21, 2026. ECF 24.

30. Defendants deny the truth of the allegations contained in ¶ 30 of the Second Amended Complaint, including the alleged failure to furnish a required wage notice and the alleged resulting financial harm. Defendants further state that the Court dismissed Plaintiff's wage-notice claim by Order dated September 21, 2026. ECF 24.

31. Defendants deny the truth of the allegations contained in ¶ 31 of the Second Amended Complaint, including the allegations of deficient records and resulting financial harm.

32. Defendants deny the truth of the allegations contained in ¶ 32 of the Second Amended Complaint, including the alleged failure to post required notices and the alleged resulting harm.

**AS TO "COUNT I"**

**FLSA - Overtime Compensation**

33. Defendants repeat and reallege their responses to ¶¶ 1 through 32 of the Second Amended Complaint as if fully set forth herein.

34. Defendants deny that each Defendant employed Plaintiff within the meaning of the FLSA as alleged in ¶ 34 of the Second Amended Complaint and deny the remaining allegations of that paragraph.

35. Defendants deny the truth of the allegations contained in ¶ 35 of the Second Amended Complaint.

36. Defendants deny the truth of the allegations contained in ¶ 36 of the Second Amended Complaint, including any failure to pay required overtime compensation, willful conduct, or violation of 29 U.S.C. §§ 207(a)(1) or 215(a).

37. Defendants deny the truth of the allegations contained in ¶ 37 of the Second Amended Complaint, including willfulness under 29 U.S.C. § 255(a) and the alleged absence of good faith or reasonable grounds under 29 U.S.C. § 260.

38. Defendants deny that Plaintiff is entitled to any of the relief demanded in ¶ 38 of the Second Amended Complaint and deny the remaining allegations of that paragraph.

**AS TO "COUNT II"**

**NYLL - Overtime Compensation**

39. Defendants repeat and reallege their responses to ¶¶ 1 through 38 of the Second Amended Complaint as if fully set forth herein.

40. Defendants deny that each Defendant employed Plaintiff within the meaning of NYLL §§ 2 and 651 as alleged in ¶ 40 of the Second Amended Complaint and deny the remaining allegations of that paragraph.

41. Defendants deny the truth of the allegations contained in ¶ 41 of the Second Amended Complaint, including any failure to pay required overtime compensation or violation of the NYLL.

42. Defendants deny the truth of the allegations contained in ¶ 42 of the Second Amended Complaint, including any unlawful method of payment, failure to pay required overtime compensation, or violation of the Hospitality Industry Wage Order.

43. Defendants deny the truth of the allegations contained in ¶ 43 of the Second Amended Complaint, including any willful violation, absence of good faith, or basis for liquidated damages under NYLL §§ 198 or 663.

44. Defendants deny that Plaintiff is entitled to any of the relief demanded in ¶ 44 of the Second Amended Complaint and deny the remaining allegations of that paragraph.

**AS TO "COUNT III"**

**NYLL - Spread-of-Hours Compensation**

45. Defendants repeat and reallege their responses to ¶¶ 1 through 44 of the Second Amended Complaint as if fully set forth herein.

46. Defendants deny that each Defendant employed Plaintiff within the meaning of NYLL §§ 2 and 651 as alleged in ¶ 46 of the Second Amended Complaint and deny the remaining allegations of that paragraph.

47. Defendants deny the truth of the allegations contained in ¶ 47 of the Second Amended Complaint, including any failure to pay required spread-of-hours compensation.

48. Defendants deny the truth of the allegations contained in ¶ 48 of the Second Amended Complaint, including any willful violation, absence of good faith, or basis for liquidated damages.

49. Defendants deny that Plaintiff is entitled to any of the relief demanded in ¶ 49 of the Second Amended Complaint and deny the remaining allegations of that paragraph.

## AS TO THE PRAYER FOR RELIEF

50. Defendants deny that Plaintiff is entitled to any relief requested in subparagraphs A through K of the unnumbered prayer for relief, whether against Defendants jointly, severally, or individually, including declaratory or injunctive relief, unpaid wages, spread-of-hours compensation, liquidated or punitive damages, back pay, interest, attorneys' fees, expert fees, expenses, or costs.

51. Defendants deny each allegation of the Second Amended Complaint not expressly admitted herein. References to "Defendants" are for convenience and do not admit a joint-employer relationship, common enterprise, or joint or several liability.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegation denied above, Defendants assert the following affirmative and other defenses, separately and in the alternative, to the extent applicable to each Defendant. Inclusion of a matter here does not shift any burden of proof otherwise imposed by law. These defenses do not seek to relitigate the pleading-sufficiency rulings in the Court's September 21, 2026 Order.

**FIRST DEFENSE**

**Payment and Satisfaction of Wage Obligations**

52. Plaintiff's claims are barred or reduced to the extent that the wages and premiums sought for the workweeks and days at issue were actually paid. Defendants are entitled to credit for payments satisfying the same wage obligations claimed in this action.

**SECOND DEFENSE**

**Absence or Limitation of an Employment Relationship**

53. Plaintiff was not employed by each and every Defendant throughout the entire period alleged. Liability, if any, must be established separately as to each Defendant under the applicable economic-reality and statutory tests and is limited to periods during which that Defendant was a legally responsible employer. An ownership interest or corporate title alone does not establish Hila Ashkenazi's personal liability.

**THIRD DEFENSE**

**No Automatic Joint-Employer or Enterprise Liability**

54. The collective description of A&L II New York Corporation, Meema N.Y. Corporation, and Hila Ashkenazi as "Defendants," and the alleged use of the Bagels & Co. trade name, do not by themselves establish joint employment or an integrated enterprise. Defendants contest the common control, employment relationship, and other predicates necessary to impose joint or several liability or aggregate otherwise separate entities' activities.

**FOURTH DEFENSE**

**Lack of FLSA Enterprise Coverage**

55. The FLSA claim fails to the extent Plaintiff cannot establish enterprise coverage under 29 U.S.C. §§ 203(r) and 203(s)(1)(A) for the period at issue, including the requisite

interstate-commerce nexus and annual gross volume of sales made or business done of at least $500,000, exclusive of qualifying retail excise taxes.

**FIFTH DEFENSE**

**Lack of FLSA Individual Coverage**

56. The restaurant duties alleged in the Second Amended Complaint do not alone establish that Plaintiff personally engaged in interstate commerce or in the production of goods for commerce. To the extent neither individual coverage nor enterprise coverage is established for the relevant employment, Plaintiff cannot recover under the FLSA. This defense does not assert that lack of FLSA coverage defeats an otherwise cognizable NYLL claim.

**SIXTH DEFENSE**

**Compensable Hours and Workweek Limitations**

57. Plaintiff's overtime recovery is limited to compensable hours actually worked in excess of forty (40) in a particular workweek. Defendants dispute the asserted uniform 58.5-hour workweek and the alleged employment period. Any calculation must account for the actual weeks and days worked and exclude nonworking periods that the governing law does not count as hours worked. Defendants do not seek to average hours across workweeks.

**SEVENTH DEFENSE**

**Bona Fide Meal Periods and Off-Duty Time**

58. To the extent the asserted start-to-finish schedules include bona fide meal periods or off-duty intervals during which Plaintiff was fully relieved of duties and free to use the time for his own purposes, such intervals are excluded from compensable working time when permitted by law. Short rest breaks, required waiting time, and meals interrupted by work are not excluded under this defense. Meal and off-duty intervals remain included in measuring the daily spread of hours.

**EIGHTH DEFENSE**

**Absence of Actual or Constructive Knowledge**

59. To the extent Plaintiff seeks wages for work outside the hours Defendants required, permitted, or knew or reasonably should have known he performed, Defendants deny liability for that alleged work.

**NINTH DEFENSE**

**Regular-Rate and Statutory Calculation Limitations**

60. Any overtime award must use the regular rate and compensable hours prescribed by the governing law for each workweek, with only lawful exclusions from the regular rate. Defendants contest any unsupported rate, multiplier, or inclusion of compensation that the applicable law excludes.

**TENTH DEFENSE**

**Authorized Overtime-Premium Credits**

61. Any overtime recovery must be reduced by qualifying premium compensation actually paid and legally creditable under 29 U.S.C. § 207(h)(2) or 12 N.Y.C.R.R. § 146-3.5(b), as applicable. Defendants claim only credits satisfying the statutory prerequisites and do not seek to treat ordinary straight-time pay, a flat salary, or payments unrelated to overtime obligations as overtime premiums.

**ELEVENTH DEFENSE**

**Spread-of-Hours Limitations**

62. Spread-of-hours liability is limited to days on which Plaintiff establishes a spread exceeding ten (10) hours and the required additional payment was not made. Any award is limited

to one additional hour at the applicable basic minimum hourly rate for each qualifying day under 12 N.Y.C.R.R. § 146-1.6. A spread of exactly ten hours is insufficient.

**TWELFTH DEFENSE**

**Absence of Willfulness**

63. Any violation, which Defendants deny, was not knowing or in reckless disregard of the FLSA's requirements. Plaintiff therefore is not entitled to invoke the three-year limitations period for a willful violation under 29 U.S.C. § 255(a). Defendants invoke the ordinary two-year period to the extent limitations become material, without asserting that the employment period presently pleaded is outside that period.

**THIRTEENTH DEFENSE**

**FLSA Good Faith and Reasonable Grounds**

64. If an FLSA underpayment is established, Defendants invoke 29 U.S.C. § 260 to the extent they establish that the challenged compensation practices were undertaken in subjective good faith and with objectively reasonable grounds for believing they complied with the FLSA. On that showing, liquidated damages should be denied or reduced in the Court's discretion.

**FOURTEENTH DEFENSE**

**NYLL Good Faith**

65. If an NYLL underpayment is established, Defendants invoke NYLL §§ 198(1-a) and 663(1), as applicable, to the extent they establish a good-faith basis for believing their compensation practices complied with the law. Any liquidated-damages recovery is subject to that statutory defense.

**FIFTEENTH DEFENSE**

**No Duplicative Recovery of Wages**

66. Plaintiff may not recover the same unpaid overtime compensation more than once under the overlapping FLSA and NYLL theories or by relabeling the same wages as "back pay." Any recovery against multiple legally responsible Defendants must reflect one satisfaction of the same obligation, together with any distinct relief authorized by law.

**SIXTEENTH DEFENSE**

**No Cumulative FLSA and NYLL Liquidated Damages**

67. Plaintiff may not recover cumulative liquidated damages under both the FLSA and NYLL for the same course of conduct. Any award must eliminate that duplication in accordance with Rana v. Islam, 887 F.3d 118, 123 (2d Cir. 2018), while preserving only such separate, nonduplicative recovery as the governing law permits.

**SEVENTEENTH DEFENSE**

**Prior Dismissal and Lack of Standing as to Notice Claims**

68. The Court's September 21, 2026 Order, ECF 24, dismissed the NYLL wage-notice and wage-statement claims for lack of Article III standing and denied leave to amend those claims. The October 9, 2026 Order permitted correction of the pleading and removal of the dismissed claims. Paragraphs 29 through 32 do not restore those claims or authorize recovery under them in this action absent further order.

**EIGHTEENTH DEFENSE**

**No Separate Private Recovery for Recordkeeping or Posting Alone**

69. The allegations concerning maintenance of employer records and posting of workplace notices do not, standing alone, support a separate private damages award under the

FLSA or the NYLL provisions pleaded. Any recovery must arise from a legally cognizable claim and satisfy its requirements.

**NINETEENTH DEFENSE**

**Lack of Standing for Prospective Injunctive Relief**

70. Plaintiff alleges that his employment ended on or about June 30, 2025. The asserted past wage violations do not establish a real and immediate threat of future injury to him. Absent the requisite prospective injury, Plaintiff lacks Article III standing to obtain the forward-looking injunction requested in subparagraph B of the prayer for relief.

**TWENTIETH DEFENSE**

**Limits on Private FLSA Injunctive Relief**

71. The private unpaid-overtime cause of action under 29 U.S.C. § 216(b) does not authorize the general injunction against wage violations sought in the Second Amended Complaint; enforcement by injunction under 29 U.S.C. § 217 is reserved to the Secretary of Labor. Plaintiff has not pleaded a retaliation claim furnishing a distinct basis for private equitable relief.

**TWENTY-FIRST DEFENSE**

**Declaratory Relief Is Unwarranted**

72. The requested declaration concerns alleged past compensation practices for a completed period of employment and duplicates issues to be resolved on the monetary claims. Defendants deny that a separate declaration would resolve an ongoing controversy or serve a useful purpose and request that the Court decline duplicative declaratory relief under 28 U.S.C. §§ 2201 and 2202.

**TWENTY-SECOND DEFENSE**

**Punitive Damages Are Unavailable**

73. Punitive damages are unavailable on the unpaid-overtime and spread-of-hours causes of action pleaded. Subparagraph H of the prayer for relief does not identify an independent cause of action authorizing punitive damages. The demand for punitive damages therefore fails as a matter of law.

**TWENTY-THIRD DEFENSE**

**Limits on Back Pay and Other Unpleaded Relief**

74. The claims pleaded concern compensation for work allegedly performed. They do not support an additional award of wages for periods after employment ended, reinstatement, front pay, or damages for wrongful discharge or retaliation. Any request for "back pay" must be confined to wages legally recoverable on the pleaded claims and may not duplicate an unpaid-wage award.

**TWENTY-FOURTH DEFENSE**

**Interest Limitations**

75. Prejudgment interest may be awarded only on an authorized basis and may not duplicate FLSA liquidated damages for the same unpaid wages. Any NYLL prejudgment interest must be calculated on the proper underlying wage principal, rather than on liquidated damages, for the appropriate accrual period.

**TWENTY-FIFTH DEFENSE**

**Limits on Attorneys' Fees, Expert Fees, and Costs**

76. Any award of attorneys' fees, expenses, expert fees, or costs requires a statutory or other legal basis and satisfaction of the applicable prerequisites. Any recoverable fees must be reasonable and attributable to compensable work, with no duplicative recovery.

**AMENDMENT OF DEFENSES**

If discovery establishes a factual and legal basis for additional defenses, Defendants will seek leave to amend in accordance with Rules 15 and 16 of the Federal Rules of Civil Procedure and the Court's orders.

**DEFENDANTS DEMAND TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Defendants demand judgment dismissing the Second Amended Complaint and its demands for relief, with prejudice as to claims adjudicated on the merits, together with costs and disbursements to the extent permitted by law, and such other and further relief as the Court deems just and proper.

Dated: Jamaica, New York
October 19, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
/s/ Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*